## BRINLEY v. LEWIS.
### No. 111.

District Court, M. D. Pennsylvania.
May 1, 1939.

Scragg & Scragg, of Scranton, Pa., for plaintiff.

E. D. Siegrist and Clarke M. Seltzer, both of Lebanon, Pa., for defendant.

ALBERT L. WATSON, District Judge.

This is a motion by the defendant, under the provisions of Rule 12, subsections (e) and (f) of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a more definite statement and to strike off part of the complaint. The motion consists of three requests for a more definite statement and a request to strike a paragraph from the complaint on the ground that it is redundant and immaterial.

The defendant urges that the plaintiff be required to furnish a more definite statement as to which of the injuries alleged are permanent; a more definite statement of the expenses for medicine, medical attendance, hospitalization, and nursing; and a more definite statement with regard to the claim of special damages by reason of injury to plaintiff's business.

During the course of the argument, counsel for the defendant stated that the information requested was not necessary for the purpose of answering the complaint. Counsel also stated that considerable investigation had been made of plaintiff's business, and that much information regarding that business was in the possession of the defendant. However, the court was convinced of the good faith of defendant in filing this motion and of his honest desire to have the information requested.

The pleading against which this motion is directed has been carefully considered by the court and it appears to be a most adequate statement of the cause of action. The plaintiff has stated, with admirable brevity and directness, a case of assault and battery. The location and nature of

the personal injuries resulting therefrom have been set forth in detail and, as special damage, the plaintiff has alleged that he is registrar and proprietor of a named business which has been injured by his absence and will continue to be so injured by reason of the permanent nature of some of his injuries. The plaintiff also alleges matters in aggravation of the assault. In the opinion of the court, this pleading is sufficient. There are no vague generalities nor ambiguous phrases which are objectionable, nor is it left in doubt as to what the plaintiff intends to prove at the trial.

Rule 8, subsections (a) and (e) require the complaint to be short and the allegations to be simple, concise, and direct. It is evident that the framers of these rules did not intend that compliance with Rule 8 should expose a plaintiff to a motion under Rule 12(e). Attention is called to Rules 33 to 37 inclusive, which provide for a simple and expeditious method of obtaining detailed information as to the cause of action and of limiting the issues to be tried. These rules, with the exception of Rules 34 and 35, do not require the delay of an application to the court for permission to demand the information desired. Furthermore, the information obtainable under these five rules is far more complete than that obtainable under the broadest construction of Rule 12(e). Therefore, I feel that motions under Rule 12(e) are properly presented only where the complaint is so vague or ambiguous or contains such broad generalizations that the defendant cannot frame an answer thereto or understand the nature and extent of the charges so as generally to prepare for trial.

The courts are making every effort to impress upon counsel the necessity for bringing cases before the court for trial at the earliest possible moment and to prevent as much as possible tactics of defendants in seeking, through delay, to prevent the plaintiff from recovering that which is due him. Therefore, since the extent to which discovery is available in pending cases has been greatly broadened and covers much the same ground as the old motion for a bill of particulars as well as much that did not come under such a motion, it is only proper that, where information is obtainable through discovery methods and in part obtainable through Rule 12(e), counsel should be compelled to use only the former method and thus avoid the delay which is necessarily incident to an application to the court under Rule 12(e) as well as the delay incident to the use of two different methods. This court is not alone in its attempt to limit the use of the motion authorized by Rule 12(e). Many cases may be cited in which the courts have taken a like position; among which cases are Southern Grocery Stores, Inc. v. Zoller Brewing Company, D.C. S. D. Iowa, 26 F. Supp. 858, filed February 4, 1939; Harry Fried v. Warner Brothers Circuit Management Corp. et al., D.C.E.D.Pa., 26 F.Supp. 603, filed January 25, 1939; American La France-Foamite Corporation v. American Oil Company, D.C., 25 F.Supp. 386.

However, it should be noted that it is not the intention of this court to hold that Rule 12(e) is never proper. There are some cases wherein a motion for a more definite statement or a bill of particulars is necessary to enable a party to understand the nature and extent of the charges against him and in such cases the court welcomes a motion which offers an opportunity to compel the disclosure necessary. But it must clearly appear not only that the moving party is entitled to the information requested on the authority of prior cases but also that the motion is made in good faith and not for the purpose of delay.

Returning to the motion now before the court, it was conceded at the argument by counsel for the defendant that the complaint is sufficiently definite to enable the defendant to frame his answer, and the sole objection was that it was not sufficiently definite to enable the defendant to prepare for trial. This objection is in my opinion without merit. The complaint is sufficiently definite for the defendant to prepare generally for trial, and if the defendant wishes to secure more detailed information as to how the plaintiff intends to prove his allegations, he must look to other provisions of the New Rules of Civil Procedure which provide for the obtaining of such details.

That portion of the motion which requests the courts to strike paragraph six from the statement of claim should be denied. In this paragraph it is alleged that the defendant accompanied the assault with the use of vile and abusive language. It is conceded that this language alone is not actionable under the present facts, but is in aggravation of the assault, which aggravation is alleged generally in another paragraph of the complaint. Rule 9(g) requires items of special damage to be stated specifically and plaintiff contends, with con-

siderable merit, that the paragraph in issue complies with this rule. The matter alleged cannot injure the defendant but will give him a more definite idea of the nature of the case to be presented.

Now, May 1, 1939. Defendant's motion for a more definite statement and to strike paragraph six from the complaint is denied.