**MAILS v. KANSAS CITY PUBLIC SERVICE CO. et al.**

**SIFUENTES v. SAME (three cases).**

**Nos. 1447–1450.**

District Court, W. D. Missouri, W. D.
Sept. 4, 1943.

Thompson & Osborne, of Kansas City, Mo., for plaintiffs.

564

David P. Dabbs (of Cooper, Neel & Sutherland), of Kansas City, Mo., for defendants H. L. Hansen and W. C. Turvey.

Mont T. Prewitt, of Kansas City, Mo., for defendant Kansas City Public Service Co.

REEVES, District Judge.

The nonresident defendants have sought to remove the above cases. The attempt was unavailing in a state court, whereupon transcripts of each case were filed here. Each of the plaintiffs has filed a motion to remand. Identical questions are presented. No factual issue was raised and each of the parties relies upon the legal aspects presented by the original complaints, petitions for removal, and the motions to remand.

According to the several complaints the plaintiffs were injured while passengers upon a street car owned and operated by the local defendant, Kansas City Public Service Company, on February 23, 1942. Such injuries, as alleged, were occasioned by a collision between said street car and a truck operated by the nonresident defendants at the intersection of 16th and Main Streets in Kansas City, Missouri. The street car was proceeding northwardly on Main Street whereas the truck was going eastwardly on 16th Street when the collision occurred. With respect to the collision each of the plaintiffs averred: " * * * that said street car and said automobile truck were under the exclusive control and management of defendants herein and that plaintiff is without knowledge as to the cause or causes that operated to bring about the aforesaid collision, but that defendants are possessed of such knowledge, and that said collision would not have occurred except for the negligence of defendants."

The nonresident defendants in each case sought removal upon the several grounds, (a) that they were nonresidents of the state and that the matter in controversy involved more than $3,000, (b) that a separable controversy was stated in each suit as between the plaintiffs and such nonresident defendants, (c) that the plaintiff in each case sustained a contractual relation to the local defendant as its passenger and each suit in substance proceeded against it on such contract, (d) that no liability was stated in said complaints against the nonresident defendants, and (e) that there was a fraudulent joinder.

1. For an intelligent discussion of the contentions made by the removing defendants it seems proper to state certain legal propositions as postulates:

■ (a) Under the law of torts a single indivisible injury occasioned by the separate independent negligent acts of several tort-feasors would lay the foundation for a single action or a joint action against such tort-feasors. 62 C.J. § 45, p. 1133. ⁻

■ (b) In like manner, under the law relating to the parties to controversies, even though the wrongful acts of such persons be separate and distinct, yet if they concur in point of time "and in directly causing a single injury, the wrongdoers are joint tort-feasors, and may either be sued severally or any or all may be joined as defendants in one action; * * *." 47 C.J. § 163, p. 81; Graves v. City & Suburban Telegraph Ass'n, C.C., 132 F. 387.

(c) The several plaintiffs asserted that they were injured by reason of a collision between the street car in which they were passengers and a truck operated by the nonresident defendants. The averment as to negligence was, in substance, that both the street car and the truck "were under the exclusive control and management of defendants herein * * * and that said collision would not have occurred except for the negligence of defendants." There was an averment that the plaintiff in each case was without knowledge as to what caused the collision but that each of the defendants necessarily possessed such knowledge.

Under the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and particularly by Rule 8 thereof, a complaint is sufficient if it contain " * * * a short and plain statement of the claim showing that the pleader is entitled to relief, * * *."

■ 2. The plaintiffs in these cases were passengers in a street car. Prima facie the operatives of the street car and the truck so manipulated the vehicles as to bring them into collision with consequent injuries to the plaintiffs. The plaintiffs were not in position to know what occasioned the collision. The operatives of the two colliding vehicles were in such position. They were agents of their respective employers and it was therefore permissible for the complainants to assert that the defendants possessed knowledge as to what causes brought about the collision and the consequent injuries suffered by them. The complainants conclude that since collisions do not ordinarily

occur if the operatives are careful and prudent, a presumption of negligence arises against the defendants.

■ In construing Rule 8 of the New Rules of Federal Procedure, Mr. Alexander Holtzoff in his splendid text states: "It suffices to plead conclusions, whether of fact or of law, provided the complaint is sufficiently definite so as to give fair notice to the opposite party of the precise nature of the claim. * * *" This is made the rule because of the liberal discovery provisions contained in other rules of federal procedure.

■ 3. A proper interpretation of each complaint is that the plaintiffs charge joint negligence of the defendants in bringing about the collision in question. Each plaintiff excuses himself from making detailed averments on the ground that the defendants were in a far better position than he to know what caused the collision, as they were in exclusive control and management and therefore presumptively understood what brought it about.

■ 4. Diligent counsel for the removing defendants rather intimate that the suit is one on contract and not in tort. This proposition cannot be seriously considered. The actions are not maintained upon the theory of breach of contract but upon the theory of a wrongful injury. This viewpoint of counsel for the removing defendants is apparently occasioned by the res ipsa loquitur doctrine intimated in the complaints. Res ipsa loquitur, as is well known, is a rule of evidence and not a substantive right. 45 C.J. § 768, p. 1193. While the doctrine is one of restrictive scope, yet it may apply in cases other than those of carriers. The doctrine was well expressed in San Juan Light & Transit Co. v. Requena, 224 U.S. 89, loc. cit. 96, 97, 98, 99, 32 S.Ct. 399, 56 L.Ed. 680. At loc. cit. 98 and 99 of 224 U.S., 32 S.Ct. loc. cit. 401, the court defines it as follows: "When a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care."

■ It may be in these cases that the plaintiffs' averments were too general. However, the court must construe the complaints so as to give the averments force and effect if such construction be reasonable. In doing that, it must be ruled that a joint cause of action is stated against the several defendants.

■ 5. The removing defendants assert in the removal petitions that the non-resident defendants were fraudulently joined. There was no testimony to support such averments. Fraudulent joinder is never entertained where there is any controversy, however slight, on the facts of the case. The rule against fraudulent joinder is never effective save in those cases where no other conclusion can be reached except that a defendant is named without justification or excuse for the sole purpose of depriving the federal court of jurisdiction. In this case it is not averred that a resident defendant was fraudulently joined but that the removing defendants were fraudulently made parties. The case would not be removable under such averments. They have their remedy in the state courts as obviously the state courts had jurisdiction over the local defendant.

■ 6. Under the ruling in Morgan v. Kroger Grocery & Baking Co., 8 Cir., 96 F.2d 470, 473, it was entirely proper for the judge of the state circuit court to refuse the order of removal. Note the language of the court: "* * * Where the petition for removal presents only a question of law, the state court may act upon it, but if it presents any question of fact, that must be determined by the federal court upon motion to remand."

In the instant cases no question of fact was presented for consideration in the petition for removal.

It follows from the above that the cases were not properly removed to this court and motions to remand should be sustained and the cases returned to the court from which removed. It will be so ordered.