### ZIMMERMAN v. FILLAH.
Civil Action No. 31814.

District Court of the United States for the District of Columbia.

Jan. 22, 1946.

T. Emmett McKenzie, of Washington, D. C., for defendant, for the motion.

Dennis Collins, of Washington, D. C., for plaintiff, opposed.

HOLTZOFF, Justice.

The overwhelming weight of authority is to the effect that a motion for a bill of particulars or a motion for more definite statement of the claim should not be granted if the complaint sets forth a cause of action with sufficient definiteness to enable the defendant to frame an answer. Additional details that the defendant needs in order to prepare for trial should be obtained by discovery after issue is joined.

This is no mere technical distinction but is based on practical considerations. A motion for a bill of particulars or more definite statement is made before answer. Whether so intended or not, its effect is dilatory because it postpones joinder of issue and calendaring of the case. On the other hand, if the information is obtained by discovery, the answer can be filed, issue can be joined, the case can be calendared, and during the interval between the time the case is placed on the calendar and the day it is reached for trial, the additional information can be obtained without delaying a trial on the merits.

In this case we have a complaint to foreclose a mechanic's lien. A good cause of action is set forth. The defendant asks for a copy of the contract, for an itemized statement of work done, and likewise for a statement of merchandise delivered. All these matters the defendant is, no doubt, entitled to have sometime before trial. Defendant states in her motion that this information is necessary to enable her properly to establish her defense and to know the matters she will have to meet at the trial, but she does not need the information before filing her answer. She is entitled to have it before the trial, but she can procure it by one of the various methods of discovery provided by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

For these reasons I shall deny the motion.