MacDONALD INTERNATIONAL, Inc., v. VULCAN IRON WORKS, Inc.
Civil Action No. 3006.

District Court, M. D. Pennsylvania.
Oct. 15, 1947.

---

[44] 15 U.S.C.A. § 29.

Caldwell, Fox & Stoner, of Harrisburg, Pa., and Kaye, Scholer, Fierman & Hays, of New York City, for plaintiff.

Bedford, Waller, Jones & Darling, of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

This is a motion for a more definite statement or a bill of particulars under Rule 12 (e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint filed in this case is very brief, alleging in addition to the jurisdictional allegation an amount due for services rendered in procuring a contract for the purchase of locomotives. Defendant's motion alleges that the complaint is vague and indefinite; that there is a failure to state whether the contract was oral or written, and that there is a dearth of information as to the names of persons and time and place of the making of the contract.

An answer was filed to the plaintiff's motion, which will be taken as part of the pleadings. This answer contains considerable information concerning the contract, setting forth that it was oral, by whom and at what time and place it was entered into, and by whom it is alleged to have been confirmed.

It is the opinion of this Court that the remaining information requested by the defendant in its motion may be secured by other means at its disposal; that is, by use of Rules 26 and 33 to 37 of the Federal Rules of Civil Procedure. The complaint, when accompanied by the answer to the motion for a more definite statement, makes averments "with sufficient definiteness or particularity to enable the Defendant properly to prepare his responsive pleading."

This court has repeatedly held that motions under Rule 12(e) are properly presented only where the complaint is so vague or ambiguous, or contains such broad generalizations, that the defendant cannot frame an answer thereto, or understand the nature and extent of the charges so as generally to prepare for trial. Brinley v. Lewis, D.C., 27 F.Supp. 313.

The motion of the defendant for a more definite statement, or a bill of particulars, is dismissed.