MONTGOMERY et al. v. KINGSLAND.
No. 9407.

United States Court of Appeals
District of Columbia.

Argued Nov. 25, 1947.

Decided Jan. 19, 1948.

Mr. W. B. Morton, of New York City, with whom Mr. C. M. Fisher, of Washington, D. C., was on the brief, for appellants.

Mr. Edwin L. Reynolds, of Washington, D. C., U. S. Patent Office, with whom Mr. W. W. Cochran, of Washington, D. C., Sol., U. S. Patent Office, was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The appellants sued in the District Court of the United States for the District of Columbia, under the provisions of R.S. § 4915, U.S.C.A., Title 35, § 63, asking the court to authorize the issuance of a patent. Their claims, which had been held unpatentable by the Patent Office, were thus described in the complaint: "4. The Board of Appeals of the United States Patent Office in a decision rendered on the 8th day of November, 1945, refused to allow three claims of said application Serial No. 436,970, to wit, claims numbered 31, 32 and 33 presented by amendment filed March 2, 1944, constituting Paper No. 8 of the Patent Office pro-

ceedings with respect to said application, as will more fully and at large appear from a certified copy of such Patent Office proceedings ready in Court to be produced."

Without answering, the defendant, the Commissioner of Patents, filed this motion: "Now COMES Casper W. Ooms,[1] Commissioner of Patents, defendant, and moves the Court to require the filing, by the plaintiffs, of a bill of particulars setting forth, verbatim, the claims on which they seek to have the Court authorize the issuance of a patent."

From the District Court's order granting the motion, this special appeal was sought by the appellants and allowed by this court.

Authority for requiring a litigant to .file a bill of particulars is contained in Rule 12(e) of the Federal Rules of Civil Procedure.[2] It is there provided that, before responding to a pleading, a party "may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial."

■ Is it necessary for the Commissioner of Patents to have a bill of particulars from the appellants to enable him properly to respond to the complaint or to prepare for trial? Is the "matter" not averred with sufficient definiteness or particularity to enable him to do that? We think the answers

---

[1] After this appeal was granted, Commissioner Ooms resigned. His successor, Lawrence C. Kingsland, has been substituted as appellee.

[2] 28 U.S.C.A. following section 723c. By an amendment, which will take effect three months subsequent to the adjournment of the first regular session of the 80th Congress, Rule 12(e) has been made to read as follows: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading."

Although the new form of the rule cannot be applied in this case, it is interesting to observe, in connection with the present discussion, the fact of revision, and the following comments in the

Notes to the Rules with respect to the amended Rule:

"References in this subdivision to a bill of particulars have been deleted, and the motion provided for is confined to one for a more definite statement, to be obtained only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question. With respect to preparations for trial, the party is properly relegated to the various methods of examination and discovery provided in the rules for that purpose. * * *

"Rule 12(e) as originally drawn has been the subject of more judicial rulings than any other part of the rules, and has been much criticized by commentators, judges and members of the bar. See * * * Holtzoff, New Federal Procedure and the Courts, 1940, 35–41. * * *"

to these questions are obvious. In the complaint, the application is described by the serial number assigned to it by the appellee, which identifies it in appellee's files. The claims are described by their numbers, and by the filing date of the amended application which contains them, which is "Paper No. 8 of the Patent Office proceedings with respect to said application. * * *" These allegations are made with sufficient definiteness and particularity to enable the Commissioner of Patents to go to his official files and unerringly to select the text of the claims in controversy. It is therefore idle to say the Commissioner cannot respond to the complaint or prepare for trial until the appellants file a bill of particulars containing a verbatim copy of the claims. Under Rule 12(e) there was no basis for granting the appellee's motion.

■ The Commissioner does not argue that he cannot plead or prepare for trial without the particulars which he seeks. He urges upon us that the complaint is insufficient.[3] In so doing, he confuses the function of a motion for a bill of particulars under Rule 12(e) with that of a motion to dismiss for failure to state a cause of action upon which relief can be granted, permitted by Rule 12(b).[4] The sufficiency of a complaint is not tested by a motion under Rule 12(e).

■ It was said in Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co. of America, Inc., et al., D.C., 31 F.Supp. 483, 493, that "The purpose of a bill of particulars is to furnish the moving party with information needed to enable him to prepare his responsive pleadings and to prepare generally for trial, and a motion therefor should not be used as a forerunner of, or in the nature of a substitute for, a motion to dismiss. Questions as to the sufficiency of the complaint in the respect indicated should be raised directly and not by indirection." The quoted language seems to us to be a correct statement, since the allegations of a complaint might state a cause of action so as to be impervious to a motion to dismiss, and yet state the cause so generally as to make necessary a more definite statement to enable the defendant to know exactly what he is required to meet and to formulate a pleading in response.

■ The appellee argues, however, that "The granting or denial of a bill of particulars is an interlocutory matter resting within the sound discretion of the trial court and the action of such court should not be set aside unless it is found to amount to an abuse of discretion and to work a material injustice." It cannot logically be said the trial court had discretion to grant the motion under Rule 12(e) since, as we have seen, that rule is wholly inapplicable. If the District Court purported to act under the rule in requiring a bill of particulars, it acted arbitrarily. We must, therefore, ascertain whether a trial court may direct a bill of particulars to be filed for cause other than those set forth in the rule, or whether its discretion in that regard is circumscribed and confined by Rule 12(e).

■■ "The overwhelming weight of authority is to the effect that a motion for a bill of particulars or a motion for more definite statement of the claim should not be granted if the complaint sets forth a

[3] In the Commissioner's brief his "Summary of Argument" is stated in this language:

"1. This case is not part of the proceeding in the Patent Office, but is a trial de novo and is governed by the rules of the Court and not those of the Patent Office.

"2. A complaint is insufficient if it does not inform the Court as to what relief is requested.

"3. The granting or denial of a motion for a bill of particulars is a matter within the discretion of the trial court."

[4] That the Commissioner of Patents :eived of his motion for a bill of par-

ticulars as tantamount to a motion to dismiss is further shown by the fact that many of the cases cited by him had to do only with the latter. He cites Cooper v. Chase & Co., D.C., 2 F.R.D. 381, American Broadcasting Co. v. Wahl Co. et al., D.C., 36 F.Supp. 167, Keasbey & Mattison Co. v. Rothensies, D.C., 1 F. R.D. 626, each of which deals with a motion to dismiss. See also United States v. Griffith Amusement Co., D.C., 1 F.R.D. 229, cited by the appellee. In that opinion, the court itself confused the function of a motion to dismiss with that of a motion for a bill of particulars, just as the Commissioner has done in his argument.

956

cause of action with sufficient definiteness to enable the defendant to frame an answer. Additional details that the defendant needs in order to prepare for trial should be obtained by discovery after issue is joined."[5] In other words, the preponderance of judicial opinion is that a trial court has no discretion, outside the rule, to require particularization.

■ But even if, entirely apart from Rule 12(e), a trial court has the inherent right, in the exercise of judicial discretion, to require a bill of particulars to be filed (which we do not decide), nevertheless some sort of necessity for particularization must be shown by the movant in order to invoke the exercise of the court's discretion. In the absence of such a showing— and none appears here—a court acts arbitrarily in requiring a bill of particulars. This is especially true when, as here, material injustice may thereby be caused to one party without overbalancing, or indeed any, benefit to his adversary.

■ With respect to the possibility of resultant injustice in this case, it appears the claims involved relate to a process for coating paper which is novel, the appellants say, but which can be immediately understood by a competitor reading the claims, and can be put into practice at once without new equipment or additional capital investment. It would work injustice, according to the appellants, to require them to make public the text of the claims during the interval between their disclosure in a bill of particulars and the actual trial of the case in the District Court. That interval might be brief, but also it might be of substantial duration. The Patent Office recognizes that injury may result to prospective patentees by public disclosure of their patents during the pendency of their applications, and provides by rule that the applications shall not be open to public inspection. The existence of that rule shows their apprehension of injury to be well founded, say the appellants.

This argument of the appellants is described in this manner by the Commissioner: "The appellants urge that because applications are preserved in secrecy in t‍ Patent Office the courts should follow the same procedure." We do not so understand the position of the appellants. They do not ask that the whole proceeding in the District Court and the record in its clerk's office be withheld from public inspection, as was requested and refused in Ex parte Drawbaugh, 2 App.D.C. 404, cited by the appellee. They merely protest against unnecessarily premature disclosure before trial, but expressly state in the complaint that "a certified copy of such Patent Office proceedings [is] ready in court to be produced."

The appellants' apprehension of interim injury is not convincingly quieted by this statement in the appellee's brief: "Moreover, the requirement that the claims be filed seems unlikely to result in any material hardship. The claims have been held unpatentable by two tribunals of the Patent Office and it is improbable, therefore, that their disclosure would revolutionize the art." Despite their failure in the Patent Office, the appellants have the right to proceed under R.S. § 4915, and the appellee's pre-judging of the merits of a proceeding thereunder cannot be said to justify an erroneous order of the District Court which may do injustice to the appellants without any benefit to the appellee.

Rule 12(e), it should also be noted, requires that a motion for a bill of particulars "shall point out the defects complained of and the details desired." Here the motion points out the details desired, without indicating the defects complained of. The importance of this imperative sentence in the rule is revealed here. For, had the appellee asserted, as an alleged defect in the complaint, that it did not identify the claims with sufficient definiteness or particularity to enable him properly to respond or prepare for trial, the fallacy of the motion would have been apparent on its face.

For the reasons given, we conclude that the order of the District Court was erroneous. It should be, and is, set aside.

Reversed.

5 This is the language of Judge Alexander Holtzoff, of the District Court of the United States for the District of Columbia, in Zimmerman v. Fillah, 5 F.R. D. 80, 81.