**UNITED STATES v. UNITED SHOE MACHINERY CORPORATION.**

Civil Action No. 7198.

District Court, D. Massachusetts.

March 3, 1948.

Grant W. Kelleher, Sp. Asst. to Atty. Gen., C. Worth Rowley, Alfred Karsted, Edward M. Feeney, and Roy N. Freed, Sp. Attys., all of Boston, Mass., Tom C. Clark, Atty. Gen., John ·F. Sonnètt, Asst. Atty. Gen., Holmes Balbridge, Sp. Asst. to Atty. Gen., and· William T. McCarthy, U. S. Atty., of Boston, Mass., for plaintiff.

Walter Powers, John L. Hall, and Claude R. Branch, all of Boston, Mass., for defendant.

WYZANSKI, District Judge.

There are before me defendant's motion for a more definite statement and for a bill of particulars and plaintiff's motion, as amended, for production of documents.

■ I deny in toto defendant's motion for a more definite statement and for a bill of particulars. My consistent practice in civil cases has been narrowly to restrict the granting of motions for a more definite statement and for bills of particulars. Like the majority of courts whose opinions are cited in the report prepared by the Advisory Committee on Rules of Civil Procedure, I have viewed Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, strictly. Under the standards which I have heretofore consistently applied, I am satisfied that plaintiff's bill states with sufficient particularity the conduct which defendant is alleged to have pursued in violation of law.

With respect to plaintiff's motion, as amended for production of documents under Rule 34, I start with the concession made by both parties at the bar: (1) It is a matter of judicial discretion whether a court grants a motion under Rule 34 prior to defendant's answer and (2) there is a conflict in the lower Federal courts as to whether Rule 34 and particularly the word "designated" as used in that rule is satisfied when the demanding party indicates merely the categories of documents which he desires to have furnished by his opponent.

■ So far as concerns my discretion to allow such a motion at the present time, I conclude that the interests of justice will be furthered by allowing .the motion forthwith. Expedition is of the essence of justice in this case. The reasons were sufficiently set forth in the Attorney-General's original certificate and require no elaboration.

So far as concerns the conflict in the interpretation of Rule 34, I am mindful that the early view in the Southern District of New York and the view prevailing even now in many districts was perhaps best phrased by Judge Woolsey in United States v. American Optical Co., S.D.N.Y., 2 F.R. D. .534. In that civil action by the government under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, he denied the government's motion for production of documents because it did not point with sufficient precision to each specific document sought. In his opinion the touchstone in a motion under Rule 34 was whether it was possible for "the defendant to go to his files and, without difficulty, to pick the document or other item requested out and to turn to the plaintiff saying 'Here it is.'" Such definiteness of description, however, no longer appears to prevail in the Southern District of New York where Woolsey J. once sat with such distinction. The latest authoritative decision is by Judge Rifkind in United States v. United States Alkali Export Ass'n, S.D.N.Y., 7 F.R.D. 256. In that anti-trust proceeding Judge Rifkind upheld a motion for discovery of the category type similar to the pattern followed by plaintiff in the case at bar. I am persuaded that in the instant litigation the sounder course is to follow the broader rule announced by Judge Rifkind and built on the analogies of Brown v. United States, 276 U.S. 134, 143, 48 S.Ct. 288, 72 L.Ed. 500, and Consolidated Rendering Co. v. Vermont, 207 U.S. 541, 543, 544, 28 S.Ct. 178, 52 L.Ed. 327, 12 Ann.Cas. 658. Compare also the breadth of administrative subpoenas sustained in Oklahoma Press Pub. v. Walling, 327 U.S. 186, 210, footnote 46, 66 S.Ct. 494, 166 A.L.R. 531, 90 L.Ed. 614. The categories of documents here requested seem to me to be sufficiently

clearly defined. All of them are on their face material to the issues raised by the complaint. There is no insuperable difficulty in identifying them (as distinguished from the expense and labor of collecting them). Their prompt assembly and production would expedite this case. And an attempt to state more specifically each document requested would primarily serve dilatory purposes.

The demand that the documents in the various categories be produced as far back as 1920 seems to me reasonable in view of the nature of the controversy. It does not indeed cover so long a period as Judge Caffey allowed the government in United States v. Aluminum Co. of America, D.C., S.D.N.Y., 44 F. Supp. 97. The propriety of Judge Caffey's ruling is revealed by the scope of the opinion finally written by Judge L. Hand in United States v. Aluminum Co. of America, 2 Cir., 148 F.2d 416. I am aware that I have allowed plaintiff to reach into a period earlier than Judge Sweeney permitted in a grand jury matter involving the investigation of this same defendant. However, in a criminal case under the anti-trust laws there are at least two reasons why the reach into the past might be shorter than would be appropriate in a civil proceeding under the anti-trust laws. One consideration is that in a criminal case there is a three-year statute of limitations inapplicable in civil cases. Another consideration is that in a criminal case the evidence sought is to be presented initially to a grand jury and ultimately to a petit jury whereas in an equity proceeding like the present one the evidence is to be presented to a judge sitting alone and experienced in giving appropriate weight to stale as well as to recent conduct.

I have considered whether to limit defendant's obligation to production of such documents as are now available in Massachusetts. I have concluded that my order ought not to be so limited, although I should expect that after random sampling of files outside of Massachusetts the government might be content with some rather than all the required documents outside of Massachusetts.

Paragraphs 4(a), (b) and (c) of the motion seek to reach defendant's copies of plaintiff's own documents, the originals and copies of which are still available in plaintiff's own patent office. There is no reason why plaintiff if it desires these publicly available documents which originated with the plaintiff's own patent office should not be required to procure such documents at its own expense and labor. The mere fact that defendant has already incurred expense and labor in preparing a selection from plaintiff's documents, lists and files of patents does not make the fruit of that labor available to plaintiff in order to simplify plaintiff's preparation for trial. Of course, if the goverment cooperates by accepting random sampling of defendant's non-Massachusetts files, as I proposed in the previous paragraph, then defendant might voluntarily furnish plaintiff the matters referred to in paragraphs 4(a), (b) and (c) of the motion.

In order that the Court can know that compliance with this order has been prompt, full and ungrudging, I direct that defendant shall instruct each of its employees affected by the order to produce (not including its officers or counsel) to keep a detailed record of the hours each such employee spends in finding for and producing to plaintiff (not in conferring with defendant's counsel or officers about, or in considering the value or effect of) the documents required to be produced by this order.

Ordered that defendant's motion for a more definite statement and for a bill of particulars is denied.

Ordered that paragraphs 4(a), (b) and (c) of plaintiff's motion, as amended, for production of documents is denied.

Ordered that the remaining parts of plaintiff's motion, as amended, for production of documents is granted.

Ordered that each of defendant's employees affected by the aforesaid order to produce shall keep a detailed record of the hours expended by him in finding for, and producing to, plaintiff the documents required under the aforesaid order.