LIQUOR CONTROL COMMISSION et al. v. ATHAS et al.

No. 7738.   Decided April 10, 1952.   (243 P. 2d 441.)

See 71 C. J. S., Pleading, sec. 13. Conversion action affected by interests asserted in property claimed. 53 Am. Jur., Trover and Conversion, secs. 66 et seq.; 3 A. L. R. 2d 218.

*Clinton D. Vernon,* Atty. Gen., *Ira A. Huggins,* Sp. Asst. Atty. Gen., *Allen B. Sorensen,* Asst. Atty. Gen., for appellant.

*Mulliner, Prince & Mulliner, H. L. Mulliner,* and *J. R. Mulliner,* Salt Lake City, for respondent.

LEWIS, District Judge.

This is an appeal by the Liquor Control Commission of Utah from an order of the trial court dismissing appellant's complaint against Chris E. Athas for (1)

"failure to state a claim upon which relief could be granted",

and (2)

"failure to furnish a more definite statement as ordered by the court pursuant to Rule 12(e) of the Rules of Civil Procedure".

The defendant Lack does not participate in this appeal.

The complaint in issue alleges that Lack and Athas were partners in the ownership and operation of a retail drug store located in Salt Lake City known as the Brigham Street Pharmacy. During the period of the partnership, the Liquor Control Commission entered into a written agreement with the defendant Lack, under the terms of which Lack was authorized to sell and distribute liquor for the Commission at the Brigham Street Pharmacy pursuant to the provisions of the Liquor Control Act, Title 46 U. C. A. 1943. The agreement between Lack and the Commission is set forth in full in the complaint as Exhibit A and is admittedly an agreement in which Lack contracts only as an individual and natural person. Thereafter (the complaint alleges) the Commission delivered to the *defendants* at the Brigham Street Pharmacy certain quantities of liquor and that the

*defendant* took possession of the same pursuant to the terms of Exhibit A. The complaint concludes by alleging that *defendants* thereupon sold the liquor and have, after demand, failed to account and have converted the *value* of the liquor to their own use.

Respondent's principal contention in support of the trial court's ruling that the complaint fails to state a claim is that the conclusion of a conversion by Athas is nullified by the specific facts alleged. Emphasis is placed upon the showing that no contractual relationship █ existed between the Commission and Athas either as an individual or as a partner of Lack, and upon the relationship of Lack and Athas as partners in the retail drug store only. Although these allegations tend to cloud and make ambiguous any legal theory and factual situation in support of the ultimate conclusion of conversion pleaded, we cannot say as a matter of law that the conclusion is nullified by such facts. A motion to dismiss should not be granted unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in support of its claim. *Asher* v. *Ruppa*, 7 Cir., 173 F. 2d 10. Where the complaint states a claim in general language but is not sufficiently definite in certain respects to enable defendant to answer, the remedy is a motion for a more definite statement, not a motion to dismiss. *Porter* v. *Karavas*, 10 Cir., 157 F. 2d 984.

Under the Rules of Civil Procedure, a claim upon which relief may be granted can be pleaded by the recitation of conclusions of law or fact or both. *Mails* v. *Kansas City Public Service Co.*, D. C., 51 F. Supp. 562; 1 Barron and Holtzoff, Federal Practice and Procedure, Rules █ Ed., 255; 22 Am. Bar Assn. Jnl. 447. This the pleader has done by alleging, in substance, a conversion by both defendants after delivery of the liquor to a single defendant, Lack, pursuant to a contract entered into with Lack alone. We conclude that no fact pleaded necessarily

defeats the conclusion of a conversion by Athas, and that consequently the motion to dismiss and the subsequent order of dismissal for failure to state a claim should not have been granted or made.

The trial court, at the time of granting the motion to dismiss, also granted a motion for a more definite statement under Rule 12(e) and subsequently dismissed the action when plaintiff failed to furnish such statement. We are of the opinion that both motions cannot consistently be granted, for it is only when a complaint states a claim that a motion under Rule 12(e) can be properly considered. If a complaint does not state a claim upon which relief can be granted, no responsive pleading is required and any further attack upon the pleading is useless.

Motions for a more definite statement are not favored, *U. S.* v. *United Shoe Machinery Co.,* D. C., 76 F. Supp. 315, and are not properly used to obtain evidence from the pleader, *Montgomery* v. *Kingsland,* 83 U. S. App. D. C. 66, 166 F. 2d 953; *Sierocinski* v. *E. I. DuPont de Nemours & Co.,* 3 Cir., 103 F. 2d 843. Nor should the motion be granted for the convenience of the parties, *U. S.* v. *Association of American Railroads,* D. C., 4 F. R. D. 510, but should be summarily dealt with if made for the purpose of delay, *Brinley* v. *Lewis,* D. C., 27 F. Supp. 313. Trial courts have a wide discretion in applying this Rule to effectuate the purpose and spirit of the Rules. *U. S. Association of American Railroads,* supra. A motion under Rule 12(e) is properly made only when the complaint is indefinite, ambiguous, or vague in either factual allegations or legal theory to such an extent that the moving party cannot reasonably be required to frame his responsive pleading. *Brinley* v. *Lewis,* supra. Nevertheless, we believe the instant case clearly to be one where the motion was properly made and granted. The pleader's loose and at times inconsistent use of the words "defendant" and "defendants", his

claiming of a conversion by Athas for failing to account (apparently as required by Exhibit A) after an allegation that "defendants" sold the liquor lead to confusion and ambiguity both in legal theory and fact. It was well within the discretion of the trial court to grant the motion for a more definite statement.

We presume that appellant's election to stand upon its complaint was based primarily upon the ruling of the trial court that the complaint did not state a claim upon which relief could be granted. The case is remanded, therefore, to the lower court with instructions to proceed in accordance with the views expressed herein. No costs are awarded.

WADE, McDONOUGH and CROCKETT, JJ., concur.

WOLFE, Chief Justice (concurring).

I concur in the holding that the motion to dismiss was improperly granted, but I assume that it is not meant thereby that conclusions of law can be pleaded nakedly without underlying facts from which the pleaded legal conclusion follows. It was always permissible to plead the legal effect of underlying facts, but not the legal conclusion devoid of the facts from which it is claimed to flow. I think the same is still true.

I also concur with the holding that the motion for a more definite statement should, under the circumstances, be granted. The way is clear for that motion since the pleading is held not vulnerable to the motion to dismiss for failure to state a claim upon which relief could be granted.

The case of *U. S.* v. *United Shoe Machinery Co.*, D. C., 76 F. Supp. 315, 316, held not that "motions for a more definite statement" are not favored but that under Federal Rule 12(e), 28 U. S. C. A. the practice was to "narrowly restrict" the granting of such motions. Certainly such motions have a definite purpose and, if not used for delay but actually to clear up pleadings, are very useful. The

new rules do not, I surmise, do away with the necessity of building up the pleading structure of a case by the framing and joining of issues. *Allegata* must still precede *probata*.

Certainly, the motion should not be used to obtain evidence from the pleader. It is to the interest of the court which must try the case, however, that there be no latent issues in the pleadings. If a pleading is such that on the surface it appears definite and certain, but within the scope of reasonable interpretation it is revealed that two or more meanings could be taken from the pleading, then the motion for a more definite statement or for clarification to pin the pleading down so as not to be ambulatory would appear in order. The pre-trial order may obviate uncertainties but the joining of issues precedes the pre-trial order and that should be accomplished by clear and definite pleadings which still have a very useful and important place in a law suit despite a tendency to place dispatch and expediency above all else.

I have been moved to speak as I have because of what I understand to be a growing tendency of some trial judges to deny motions of this kind because of discovery provisions of the new rules which were not meant to be used to obtain information necessary to make a responsive pleading any more than a motion for a more definite statement was meant to obtain evidence. Each has its sphere of use.

I agree that trial courts have wide discretion in applying Rule 12(e), U. R. C. P. I think that discretion may be wisely used to the end of assisting the court and counsel in framing clear and definite issues and preventing complaints from being used to trouble the waters with the object of fishing in them.

HENRIOD, J., having disqualified himself, did not participate.