**HARPER FEED MILLS, Inc.**

v.

**AMERICAN GUARANTEE & LIA-
BILITY INS. CO.**

**Civ. No. 6174.**

United States District Court
W. D. New York.
May 26, 1954.

McMahon & Crotty, Buffalo, N. Y.,
Thomas P. McMahon, Buffalo, N. Y., of
counsel, for plaintiff.

Brown, Kelly, Turner & Symons, Buf-
falo, N. Y., Mark N. Turner, Buffalo,
N. Y., of counsel, for defendant.

KNIGHT, Chief Judge.

Defendant has moved under Rule 12
(e) of the Federal Rules of Civil Pro-
cedure, 28 U.S.C.A., for an order re-
quiring plaintiff to make its complaint
more definite and certain.

The notice bringing on the motion
states that the complaint is so vague
and ambiguous that defendant cannot
reasonably be required to frame its an-
swer for the reasons that the terms of
the bond, copy of which is attached to
and made a part of the complaint, have
not been performed by plaintiff; that
plaintiff without designating the persons,
whose names were struck from para-
graph 12 of the complaint prior to its
filing, has alleged in paragraph 17 de-
mand for $120,000 loss; that the limits
of coverage under the bond as to any one
designated employee of plaintiff is
$100,000, and, if loss is caused by un-
identified employees, the limit of liabil-
ity in the aggregate shall not exceed
$100,000; that in the complaint damages
are alleged in the amount of $120,000.

The complaint does not designate its
employees who, by fraud or dishonesty,
have caused plaintiff's loss. It would ap-
pear that more than one employee was
involved in view of the amount of dam-
ages sought being in excess of the cover-
age of $100,000 specified in the bond for
one employee.

The test here is not that the in-
formation may be obtained by defend-
ant through other sources such as a bill
of particulars, discovery or deposition in-
dicated by plaintiff. Rather the incon-
sistencies in the complaint with respect
to the ultimate facts should be clarified.
Hartman Electrical Mfg. Co. v. Prime
Mfg. Co., D.C., 9 F.R.D. 510; Cox v.
Doherty, D.C., 1 F.R.D. 564. While
plaintiff may feel that defendant's posi-
tion is unduly technical, yet the amend-
ment of the complaint will further the

purpose and effectiveness of the Rules if the issues are created by the pleadings. Maryland Casualty Co. v. Kelly, D.C., 3 F.R.D. 28. Defendant has shown the necessity for particularization in order to invoke the exercise of the Court's discretion. Montgomery v. Kingsland, 83 U.S.App.D.C. 66, 166 F.2d 953. If the complaint is amended, defendant will be able to determine the content of its answer or otherwise proceed in this litigation. Automatic Washer Co. v. Easy Washing Machine Corp., D.C., 9 F.R.D. 335.

The motion is sustained insofar as it relates to the restoration in the complaint of the deleted names of the employees alleged to be dishonest or, in the alternative, that plaintiff state its inability to designate the names of its employees claimed to have caused plaintiff's loss through dishonest or fraudulent acts. Plaintiff is granted leave to file an amended complaint. In all other respects defendant's motion is denied.

Present order in accordance herewith.