**LODGE 743, INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL–CIO, Plaintiff,**

v.

**UNITED AIRCRAFT CORPORATION, Defendant.**

Civ. No. 9084.

United States District Court
D. Connecticut.

March 26, 1962.

Mozart G. Ratner, Washington, D. C., William S. Zeman, Hartford, Conn., Plato E. Papps, Washington, D. C., for plaintiff.

Joseph C. Wells, Washington, D. C., Charles A. Mahan, East Hartford, Conn., for defendant.

CLARIE, District Judge.

The plaintiff in the above action is a labor organization, eligible to bring suit under the Labor Management Relations Act, 29 U.S.C.A. § 185; and brings this action for a declaratory judgment, specific performance, damages and other relief, arising out of a claimed violation of a strike settlement contract.

The factual background alleged in the complaint is that after the commencement of a strike on June 9, 1960, the company hired a number of new employees; the strike was subsequently terminated by a settlement agreement which provided for a method of return of the striking employees to their former jobs, where they were available, and if not available then to comparable or other available jobs, in accordance with seniority and demonstrated ability. Where no jobs were available, strikers would be placed on a "perferred hiring list" to be recalled to job openings which developed at any time prior to January 1, 1961, before new employees would be hired. These strikers were to be recalled to job openings in the order of their seniority and demonstrated ability. Furthermore, it provided that separate "preferred hiring lists" should be established for returning strikers at the Windsor Locks plant and the Broad Brook plant of the defendant corporation.

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the defendant has requested a more definite statement of the plaintiff's claim. This rule reads in part:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. * * *."

The allegations to which the motion is addressed are as follows:

"24. Plaintiff alleges that defendant breached the strike settle-

ment contract by the following acts and conduct:

"(a) * * *

"(b) failing and refusing to supply to plaintiff information and material in defendant's possession relevant to defendant's administration of said contract although such information and material is necessary to police defendant's performance of its obligations thereunder;

"(c) failing and refusing to return registered strikers to their former jobs, although such jobs were available;

"(d) failing and refusing to recall registered strikers whose former jobs were not immediately available to other jobs for which they qualified;

"(e) failing and refusing to recall registered strikers for whom jobs were not immediately available, as jobs for which they qualified became available, before hiring new employees;

"(f) failing and refusing to restore to their former jobs, when said jobs became available, registered strikers who had been placed in inferior jobs;

"(g) failing and refusing to recall registered strikers prior to January 1, 1961, to jobs for which they qualified which defendant developed, or was required to have developed, prior to January 1, 1961;

"(h) failing and refusing to restore to registered strikers hired after January 1, 1961, their former or comparable jobs, their seniority and other rights and privileges."

The present motion of the defendant requests that the plaintiff be ordered to furnish a more definite statement of its claim under paragraph 24 of the complaint in respect to the following matters:

(1) That plaintiff identify and specify the nature of the information and material in defendant's possession relevant to defendant's administration of the contract, under sub-paragragh (b);

(2) that plaintiff identify by name the registered strikers referred to in sub-paragraph (c) and specify the jobs available to which they might have been returned;

(3) that plaintiff identify by name the registered strikers and specify the "other jobs" for which such strikers were qualified as claimed in sub-paragraph (d);

(4) that plaintiff identify by name the registered strikers which defendant failed or refused to recall, specify the jobs which became available for them and identify by name the new employees hired in their stead, under sub-paragraph (e);

(5) that plaintiff identify by name the registered strikers who were not restored to their former jobs, as they became available, but were placed in inferior jobs, as alleged in sub-paragraph (f);

(6) that plaintiff identify by name the registered strikers who were not recalled prior to January 1, 1961 to jobs which defendant developed or was required to have developed and define the meaning of the later phrase, under sub-paragraph (g);

(7) that plaintiff identify by name the registered strikers hired after January 1, 1961 whom the defendant failed or refused to restore to their former or comparable jobs, with specifications of such jobs and the rights and privileges of which it is claimed they were deprived.

It is the defendant's claim that the present form of the complaint is so vague and uncertain that it is unable to prepare a responsive pleading. It claims further that the two plants concerned employ several thousand employees, among which were approximately 2,000 registered strikers under the strike settlement agreement; and that it has no

knowledge of having denied any individual reemployment in violation of the terms of said agreement.

The plaintiff contends that if the court grants the defendant's motion, it will be tantamount to a dismissal of their action. It is their claim that under the terms of the strike settlement agreement the company was contractually obligated to keep separate "preferred hiring lists" which it failed or refused to do; that the detailed information sought in their present motion is factual data which is only obtainable from the defendant company's personnel files. They claim further that if the court orders them to provide these details at this time, they will not be able to comply and will therefore be forced to withdraw their action or be subject to a dismissal of it.

■ The courts may properly deny a motion for more definite statement intended to pave the way for a motion to dismiss. Leon v. Hotel & Club Employees Union Local 6, 26 F.R.D. 158 (S.D.N.Y.1960); Harrington v. Yellin, 158 F.Supp. 456 (E.D.Pa.1958).

■ "Moreover, all that Rule 8(a) requires of a complaint is that it indicate generally the type of litigation that is involved; and a generalized summary of the case that affords fair notice is sufficient. * * * The rule is that a complaint does not require amplification by a bill of particulars where the information sought to be obtained by such devise is peculiarly within the knowledge of the defendant." Sunbeam Corp. v. Payless Drug Stores, 113 F.Supp. 31, 37 (N.D. Calif.1953).

■■ "The overwhelming weight of authority is to the effect that a motion for a bill of particulars or a motion for more definite statement of the claim should not be granted if the complaint sets forth a cause of action with sufficient definiteness to enable the defendant to frame an answer. Additional details that the defendant needs in order to prepare for trial shall be obtained by discovery after issue is joined." Montgomery v. Kingsland, 83 U.S.App.D.C. 66, 166 F.2d 953, 955 (1948); Zimmerman v. Fillah, 5 F.R.D. 80 (D.D.C.1946).

■ The unusual aspect of this case is that each of the parties in litigation claims its adversary has in its exclusive possession and control, the details of the facts in controversy.

"If defendant is entitled to information from the plaintiff which is not embraced in the complaint and is not within defendant's knowledge, defendant may obtain such information through deposition and discovery rules. See Rules 26 to 37, inclusive, Federal Rules of Civil Procedure, Title 28 U.S.C.A." Tobin v. David Witherspoon, Inc., 14 F.R.D. 148 (E.D.Tenn.1953); Kuenzell v. United States, 20 F.R.D. 96 (N.D.Calif.1957).

■ In the present case, however, the union has brought suit for and in behalf of itself and an uncertain number of its members, under the Federal Labor Management Relations Act, vaguely alleging that the defendant company has failed or refused to rehire an indefinite number of its members in violation of the strike settlement contract or that certain of the rehired strikers were not restored to jobs to which they were entitled. These allegations might be applicable to a few or as many as 2,000 registered strikers. It is the company's claim that it has no information within its possession of any instance where those allegations are applicable and is at a loss to prepare a proper defense.

The plaintiff-union contends that while it has substantial reason to believe the allegations of the complaint are true, it is not presently in a position to name the union members to whom the allegations apply nor the jobs which they claim have been unjustly and illegally filled and their members discriminated against. Under such circumstances, no good purpose could be accomplished at this time by the defendant-corporation resorting to the use of interrogatories, in order to

procure more definite specifications in this regard.

In a comparable situation involving litigation related to the illegal use of inventions or trade secrets, where the defendant had filed interrogatories rather than a motion for more definite statement as was done in this case, the court ordered, " * * * that the plaintiff not be required to answer any of the interrogatories * * * until 'its own discovery proceedings are completed.'" Sperry Rand Corporation v. Rothlein, 288 F.2d 245 (2 Cir. 1961).

The motion of the defendant for more definite statement is granted as to subsection (b), (c), (d), (e), (f), (g) and (h) of Paragraph 24 of the complaint, as is requested in paragraphs 1 through 7 of defendant's motion. However, the plaintiff shall not be required to answer any part of said motion until its own discovery proceedings are completed. This order is without prejudice to the defendant to move for a modification of this ruling during the course of the discovery proceedings by the plaintiff, if good cause appears.