**Richard E. STUCKI, Plaintiff and Appellant,**

v.

**Dennis W. MAILANDER, and Walker Bank & Trust Company, Defendants and Respondents.**

No. 15623.

Supreme Court of Utah.

Jan. 5, 1979.

John H. Allen and Janeen J. Aggen of Callister, Greene & Nebeker, Salt Lake City, for plaintiff and appellant.

Rex E. Madsen of Snow, Christensen & Martineau, Robyn O. Heilbrun of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiff Richard E. Stucki brought suit to recover $7,000 plus as the balance for renovation and construction work on a house at 180 Westwood Avenue in Salt Lake City owned by the defendant, Dennis Mailander. Defendant answered denying the indebtedness, counterclaimed for damages alleging that the work had not been done properly, and for slander of title for plaintiff's filing a notice of lien against the property. Defendant filed a motion to dismiss plaintiff's action and urged upon the court that the plaintiff had acted as a contractor without having a license.[1] From the granting of that motion plaintiff appeals.

Our review of the dismissal is upon the facts as stated in the pleadings. The averments are that in May 1976 the parties entered into an oral agreement by which

---

1. Defendant cites and relies upon Section 58–23–1, U.C.A.1953; see *Olsen v. Reese*, 114 Utah 411, 200 P.2d 733, and *Mosley v. Johnson*, 22 Utah 2d 348, 453 P.2d 149; and *Fillmore Products, Inc. v. Western States Paving, Inc.*, Utah, 561 P.2d 687.

the plaintiff was to work, as a supplemental project to his full-time job, to do certain renovation and construction on defendant's property. Plaintiff alleges that the defendant was to pay him at an hourly rate, but not less than $200 per month; that he followed that program from May until October 1976, when the last labor and materials were furnished. Meanwhile, in September 1976 the parties entered into an agreement by which the plaintiff would occupy the premises at a rental of $200 per month. Defendant made some payments to the plaintiff, but when further remuneration was not forthcoming, plaintiff filed a notice of lien upon the premises and commenced this action.

In support of his contention the plaintiff asserts: that he has never held himself out to the public as a contractor; that this was but a single transaction; that he was to do the work in accordance with directions from the defendant; that he was to be paid on the basis of the materials furnished and an hourly rate for his labor, and argues therefrom that the trial court could not properly conclude that he was operating as a contractor and required to have a license.

As opposed to the foregoing, the defendant's contention is that, notwithstanding the plaintiff's assertions, the basic facts as to what occurred make it indisputably clear that the plaintiff was acting as a contractor, which is so stated in his notice of lien; and that therefore under the decisions of this Court above referred to he is not entitled to compensation for the work he has done.

■ The policy which we regard as consistent with the requirements of the law and the processes of justice is that when there is dispute as to issues of fact which if resolved in a party's favor would entitle him to relief, the court should not deprive him of the opportunity to make his proof.[2]

As will appear from the summary of facts and the contentions of the parties stated above, we are unable to agree that the dismissal of the plaintiff's complaint was justified.

In view of the provision of our Rule 76(a), U.R.C.P., and adjudications thereon, when a case is remanded for trial it is our responsibility to comment on issues of law that may be applicable to the controversy.[3] In that regard we refer to the discussions in the cases cited above, including particularly the more recent one of *Fillmore Products, Inc. v. Western States Paving, Inc.* Therein this Court, through Justice Wilkins, called attention to the fact that the basic purposes for requiring a license are: to protect the public against incompetence, irresponsibility, or fraud; and/or primarily as regulatory or revenue raising.

■ From a survey of the authorities it appears that the view which best serves the interests of justice is that the degree of rigor, or of tolerance, that may be indulged in determining whether one may recover compensation for his labors, depends on which of those purposes is the heavier weighted in requiring the particular license involved, and whether that requirement is necessary for the protection of the public, as compared to any inequity or injustice that may result from permitting a party to invoke a non-license defense as a "shield for the avoidance of a just obligation." [4]

From what has been said herein about the factual situation and the law applicable thereto it will be seen that this case is governed by the discussion in and the principles applied in the *Fillmore* case. Parallel to our conclusion therein, the order of dismissal is vacated and the case remanded for trial or such other proceedings as may seem advised. Costs to plaintiff (appellant).

MAUGHAN and HALL, JJ., concur.

**2.** See statement for this Court by Lewis, District Judge in *Liquor Control Commission v. Athas*, 121 Utah 457, 243 P.2d 441.

**3.** See Rule 76(a), U.R.C.P.; *Weber Basin Water Conservancy District v. Ward*, 10 Utah 2d 29,

347 P.2d 862, and *LeGrand Johnson Corp. v. Peterson*, 18 Utah 2d 260, 420 P.2d 615.

**4.** Quoted from *Matchett v. Gould*, 131 Cal. App.2d 821, 281 P.2d 524 in the *Fillmore Products, Inc.* case, footnote 1 above.

WILKINS, J., concurs in result.

ELLETT, C. J., dissents.