A. Bryan BERGENER; Vivian C. Bergener; Ray G. Martineau; and Shirlene P. Martineau, Plaintiffs and Appellants,

v.

DRAVO CORPORATION, a corporation; Dravo Coal Company, a corporation; Rocky Mountain Energy Company, a corporation, and Dravo Coal Company, Rocky Mountain Energy Company, a corporation, and Dravo Coal Company, a corporation, a general partnership doing business as Carbon County Coal Company; Lamb Engineering & Construction Co., a corporation; James P. Kelly; Robert L. Watson, Jr.; Edward E. Hershberger; Edward H. Opitz; Alex L. Sanders; Michael R. Lamb; James R. Lamb; and John Does I through X, Defendants and Respondents.

No. 19445.

Supreme Court of Utah.

July 23, 1987.

Ray G. Martineau, Salt Lake City, Mark H. Goodrich, Des Moines, Iowa, for plaintiffs and appellants.

David A. Greenwood, Patricia M. Leith, Robert A. Peterson, Salt Lake City, for Dravo Corp., Dravo Coal Co., Carbon County Coal Co., Rocky Mountain Energy Co., James P. Kelly, Robert L. Watson, Jr., Edward E. Hershberger, Edward H. Opitz, and Alex L. Sanders.

James P. Cowley, D. Randall Trueblood, Salt Lake City, for Lamb Engineering & Const. Co., Michael R. Lamb, and James R. Lamb.

TIBBS, District Judge:

The Third Judicial District Court dismissed plaintiffs' complaint on the dual grounds that it failed to state claims against defendants upon which relief could be granted and that plaintiffs' action was also barred by the doctrine of res judicata. We affirm.

Plaintiffs are stockholders, officers, directors, and/or indemnitors of Highland Construction Company (Highland), the subcontractor under a construction contract. Plaintiffs signed as guarantors on an indemnity bond for Highland's subcontract. Defendants are the general contract corporations and their officers and other persons acting through the general contractor.

In March 1979, Highland entered into a construction subcontract with Lamb Engineering and Construction Company. Lamb was a general contractor for Carbon County Coal Company, a joint venture including the other defendants herein. Lamb subsequently terminated Highland because it had defaulted under the subcontract. In November 1979, Highland instituted a prior lawsuit against Union Pacific Railroad, oth-

ers collectively referred to as Carbon County defendants, Lamb Engineering Construction Company, and others collectively referred to as Lambs and John Does. In December 1979, Carbon County defendants answered the complaint and cross-claimed against Lambs. Lambs answered, counterclaimed against Highland, and filed a third-party complaint against Highland's bonding company, Fidelity and Deposit Company (Fidelity), as third-party defendants. In March 1980, third party Fidelity filed its answer to Lambs' third-party complaint, a counterclaim against Lamb Engineering, a cross-claim against Lamb Engineering's bonding company, and a third-party complaint against Highland, Ray G. Martineau, Shirlene P. Martineau, A. Bryan Bergener, and Vivian C. Bergener. The individual defendants named in the third-party complaint are plaintiffs in the instant action.

Highland, the Martineaus, and the Bergeners answered Fidelity's third-party complaint, answered the supplemental third-party complaint, and filed a counterclaim against Fidelity. The lawsuit was tried by a jury. Directed verdicts were entered in favor of Carbon County and Lambs, and Union Pacific Railroad was dismissed with prejudice. The lower court found that as to three Carbon County defendants, there was no evidence of liability and no evidence of damages and that as to the remaining Carbon County defendants, there was no evidence that their conduct had caused any damage to any other party to the action. The lower court also found that there was no evidence of liability or damage as against the individual Lambs defendants and there was no evidence that Lamb Engineering caused any damage to any other party or that the indemnitor of Lamb Engineering could be found liable to any of the parties. Judgment was entered accordingly. The case proceeded on Lamb's counterclaim and third-party complaint. The jury found that Highland was in material breach of the subcontract without legal justification on each of the dates on which it was terminated from portions of the subcontract work. Judgment was entered in favor of Lamb Engineering and against Highland and Fidelity, jointly and several-ly, in the amount of $242,660.25. Fidelity's claims against Highland, the Bergeners, and the Martineaus were resolved by stipulation, and judgment was entered in July 1981. The parties agreed, and the court ordered that judgment be entered in favor of Fidelity and against Highland, Ray G. Martineau, Shirlene P. Martineau, A. Bryan Bergener, and Vivian C. Bergener in the amount of $463,941. The case was appealed to this Court and was affirmed subject to certain modifications in *Highland Construction Co. v. Union Pacific Railroad Co.,* 683 P.2d 1042 (Utah 1984).

While the appeal in that case was pending, this action was instituted by plaintiffs seeking to hold defendants liable for fraud, negligent representations, bad faith, unfair dealing, interference with contract rights, and conspiracy. There were no allegations in their complaint as to any specific personal dealings between plaintiffs and any defendant. Instead, any injuries alleged to have been caused plaintiffs were derivative of the injuries alleged to have been caused Highland by the acts of defendants. Defendants moved to dismiss the complaint on the basis that the claims were theretofore litigated in *Highland Construction.* The district court found that plaintiffs' complaint was barred by principles of res judicata and that it failed to state claims upon which relief could be granted because the complaint asserted claims that were only for the benefit of Highland.

Plaintiffs contend that they were not parties in the Highland case, and since their claims were neither raised nor adjudicated in the prior action, that action is not a bar to the instant action. We disagree.

■ It is fundamental that the lower court should not have granted defendants' motion to dismiss if defendants had violated any duty owed to plaintiffs under any set of facts that could have proven plaintiffs' claims. *See Freegard v. First Western National Bank,* 738 P.2d 614 (Utah 1987); *Christensen v. Lelis Automatic Transmission Service, Inc.,* 24 Utah 2d 165, 168, 467 P.2d 605, 607 (1970); *Liquor Control Commission v. Athas,* 121 Utah 457, 243 P.2d 441 (1952). A shareholder or

indemnitor of a corporation may have a cause of action for violation of some specific duty owed the shareholder or indemnitor by a wrongdoer and existing independently of a particular duty the alleged wrongdoer owed the corporation. So an issue in this case was whether any facts were alleged in plaintiffs' complaint against defendants showing that a distinct duty was owed to plaintiffs independent of the particular duty defendants owed to Highland under the subcontract. Plaintiffs' complaint is couched solely in terms of the contractual relationship between the corporations, the extent of which was fully litigated in the prior proceeding. The decision rendered was adverse to Highland, under which plaintiffs claim their damages occurred. In the instant case, plaintiffs, suing in their individual capacities, alleged no specific duty owed by defendants to plaintiffs individually. All duties set forth were between the corporations and were fully litigated in the prior proceeding. That being the case, it is clear that no claim was stated by plaintiffs upon which relief could be granted. Hence, the lower court's dismissal of the action for failure to state a cause of action was correct.

Inasmuch as we affirm the trial court's order dismissing plaintiffs' complaint on this ground, we need not reach plaintiffs' contention that their action was not barred by principles of res judicata.

Affirmed.

HALL, C.J., HOWE, J., and CULLEN Y. CHRISTENSEN and RODNEY S. PAGE, District Judges, concur.

STEWART, Associate C.J., and DURHAM and ZIMMERMAN, JJ., having disqualified themselves, do not participate herein; CHRISTENSEN, PAGE and TIBBS, District Judges, sat.