## COUNTY OF MACON v. SHORES.

1. Where, in an action against a county, to recover the amount due on coupons detached from bonds issued by it in payment of its subscription to the capital stock of a railroad company, the declaration avers that the plaintiff is a *bona fide* holder of them for value before maturity, and such averment is traversed, it is competent for him, notwithstanding the presumption of law in his favor, to maintain the issue by direct affirmative proof.

2. It is no defence to the action that the company, which was a *de facto* corporation when the subscription was made, had not been organized within the time prescribed by its charter, and that when the bonds were issued a suit to restrain the issue of them was pending, however it may have ultimately resulted, if the holder had no actual notice thereof, and was a purchaser of them for value before they matured.

3. Where the holder of the coupons, by producing them on the trial, and by other proof, shows a clear right to recover, and the matters put in evidence by the county do not tend to defeat that right, it is not error to instruct the jury to find for him.

4. The doings of a county court of Missouri can be shown only by its record.

5. Sect. 14, art. 11, of the Constitution of Missouri of 1865 did not take away from a county the authority, which had been previously conferred by statute, to subscribe for stock in a railroad company.

ERROR to the Circuit Court of the United States for the Western District of Missouri.

This was an action by John F. Shores, a citizen of New Hampshire, against the county of Macon, in the State of Mis-

souri, to recover upon certain overdue coupons, detached from bonds which had been issued by that county, May 2, 1870, payable at the National Bank of Commerce in New York City, May 2, 1890, — the interest payable there semi-annually, upon presentation of the coupons. The bonds, signed by the presiding justice and the clerk of the county court, under its seal, recite that they are " issued under and pursuant to orders of the county court of Macon County, for subscription to the stock of the Missouri and Mississippi Railroad Company, as authorized by an act of the General Assembly of the State of Missouri, entitled ' An Act to incorporate the Missouri and Mississippi Railroad Company,' approved Feb. 20, 1865." The declaration alleges that the county paid the interest on the bonds for the year 1870, and that the coupons sued on were, on their becoming due, presented at the place where they were payable, and that payment was refused. It also alleges that the plaintiff is the holder of the coupons for value.

The county answered, denying that it promised to pay said bonds; that they were issued pursuant to the orders of the county court; that the subscription was authorized by law; that any subscription was made or authorized to be made by order of the county court; and that the plaintiff was the holder for value of the coupons sued on. The answer then avers, in substance, that said bonds and coupons are fraudulent, and were issued in fulfilment of a combination, confederation, and conspiracy, entered into between a majority of the members of the county court and the railroad company, for the purpose of cheating and defrauding the county and its taxpayers, and pursuant to a pretended order of said court authorizing, without the assent of two-thirds of the qualified voters of the county, a subscription to the stock of said company, and the issue of bonds; that the building of the road as contemplated by the charter granted to the company by the act of Feb. 20, 1865, was " a wild or visionary scheme or enterprise; " that the company had, at the time of said pretended subscription, no corporate power or existence, never having organized or accepted said act of Feb. 20, 1865, within one year, as required by law, nor did it commence the transaction of its business within the time prescribed by law for that purpose;

that on June 11, 1870, a suit, in which process was duly served, was commenced in the Circuit Court of Macon County by two tax-payers, against the county court and the company, to annul the pretended order of subscription, and cancel the bonds, and that it was pending and undetermined when the plaintiff and those under whom he claims purchased the bonds and coupons; that said subscription not having been made by the assent of two-thirds of the qualified voters of the county, expressed at any election, was repugnant to the Constitution of Missouri; and that the plaintiff had due and full notice of the foregoing facts when he purchased the bonds and coupons.

The plaintiff filed a replication, denying all the allegations of the answer, and averring specially that he was a holder for value before maturity of the instruments sued on, without notice, actual or constructive, of the defences set up.

The plaintiff, to maintain the issue on his part, having produced one of said bonds and all the coupons sued on, the order of the county court of April 12, 1870, making the subscription, the resolution of the board of directors of the railroad company accepting the same, and the charter of the company, offered evidence to prove that he was a *bona fide* holder and owner for value before maturity of the coupons sued on, without notice. The county objected to the offered evidence, but the court admitted it. The county thereupon excepted.

The county then introduced evidence as to the alleged frauds and irregularities in issuing the bonds, and offered to prove by depositions what had taken place in the county court touching its action respecting said subscription. The plaintiff objected, on the ground that the proceedings of the court could be proved only by its record, or a certified copy thereof. The objection was sustained, and an exception noted.

The county then offered to prove that the company did not, as required by the statute of Missouri, organize and accept its charter within one year from the time of granting it; and that, at the time of making the subscription, the building of the road was a wild and visionary enterprise. It also offered to read in evidence the proceedings of public meetings of tax-payers and

citizens of various townships in Macon County, held between April 14 and June 6, 1870, and published in the Macon "Weekly Times" and the Macon "Weekly Journal," newspapers published in Macon City; to all of which offers the plaintiff objected, and the objection having been sustained by the court, the county excepted. The county then read in evidence a certified copy of the record of the suit against the county court and the railroad company, referred to in its answer. The evidence having been closed, the court, at the request of the plaintiff, instructed the jury that the evidence of the county was insufficient to support the defence, and that he was entitled to a verdict for the amount of the coupons sued on; to which instruction the county excepted. The jury returned a verdict for the plaintiff; and upon the judgment entered thereon the county sued out this writ, and here assigns for error that the court below erred —

1. In admitting evidence to prove that the plaintiff was a *bona fide* holder and owner for value before maturity of the coupons sued on without notice.

2. In excluding the evidence offered by the defendant at the trial of the cause.

3. In instructing the jury to find for the plaintiff.

4. In not giving judgment for the defendant.

5. In holding that the county court had authority to subscribe $175,000 to the capital stock of the Missouri and Mississippi Railroad Company, on the twelfth day of April, 1870, without the assent of two-thirds of the qualified voters of Macon County.

6. In not holding the subscription void on account of the fraud, bribery, and corruption by which it was secured, and the constructive notice thereof which the plaintiff below had.

The act of the General Assembly, mentioned in the bonds, contains the following section : —

"SECT. 13. It shall be lawful for the corporate authorities of any city or town, the county court of any county desiring so to do, to subscribe to the capital stock of said company, and may issue bonds therefor, and levy a tax to pay the same, not to exceed one-twentieth of one per cent upon the assessed value of taxable property for each year."

Sect. 14 of art. 11 of the Constitution of Missouri, which took effect July 4, 1865, is as follows : —

"The General Assembly shall not authorize any county, city, or town to become a stockholder in, or loan its credit to, any company, association, or corporation, unless two-thirds of the qualified voters of such county, city, or town, at a regular or special election to be held therein, shall assent thereto."

*Mr. James Carr* for the plaintiff in error.
*Mr. John D. Stevenson, contra.*

Mr. Justice Swayne delivered the opinion of the court.

The declaration in this case covers a hundred and eleven printed pages. Each count is upon a coupon averred to have been detached from a bond for $1,000, issued by the county of Macon on the 2d of May, 1870, and payable to the Missouri and Mississippi Railroad Company or bearer, at the National Bank of Commerce, in the city of New York, on the second day of May, 1890, with interest at the rate of eight per cent per annum, to be paid semi-annually on the presentation of the coupons attached. It is further averred that the bond was issued pursuant to the orders of the county court of Macon County, in payment of the subscription to the stock of the railroad company, and was authorized by the act of the General Assembly of the State, entitled "An act to incorporate the Missouri and Mississippi Railroad Company, approved Feb. 20, 1865," and that the bond so recites on its face.

It is also alleged that the defendant paid the interest on the bond for the year 1870, and that the plaintiff is the holder and bearer of the coupon for value. There are other averments which show the liability of the defendant and make the count good. The further counts are upon coupons taken from other bonds of the same issue. The counts are all alike *mutatis mutandis.*

The defendant filed a multitude of pleas. It is not necessary particularly to advert to any of them.

Upon the trial the defendant took an elaborate bill of exceptions.

Our remarks will be confined to the errors assigned.

The plaintiff had a right to prove that he was a *bona fide* holder of the coupons.

The petition averred the fact. It was denied by the answer. It is true the presumption of law, *prima facie*, was that the plaintiff was such holder. But if he chose to meet the issue by direct affirmative proof, it was clearly competent for him to do so.

The testimony tending to show fraud and irregularities touching the issuing of the bonds and in disposing of them was properly rejected. The plaintiff being a *bona fide* holder of the coupons, it was incompetent to affect his rights. He could not be expected to know, and was not bound to know, the facts sought to be established. So far as the testimony respected the action of the county court, it was liable to the further objection that a court of record can speak, and its doings can be shown, only by the record. None of the evidence offered was of this character. Irrelevant and incompetent testimony should always be carefully excluded, because the tendency of both is to mislead and confuse the minds of the jury, and thus defeat the ends of justice.

The objection that the corporation was not organized within the time limited by the charter is unavailing. It is in effect a plea of *nul tiel* corporation. In *Kayser* v. *Trustees of Bremen* (16 Mo. 88), the Supreme Court of the State said: " It cannot be shown in defence to a suit of a corporation that the charter was obtained by fraud; neither can it be shown that the charter has been forfeited by misuser or nonuser. Advantage can only be taken of such forfeiture by process on behalf of the State, instituted directly against the corporation for the purpose of avoiding its charter; and individuals cannot avail themselves of it in collateral suits until it be judicially declared." See also *Smith et al.* v. *County of Clarke* (54 Mo. 58), which is to the same effect. This case being a Missouri case, these authorities are conclusive. *Olcott* v. *Bynum et al.*, 17 Wall. 44.

The learned counsel for the plaintiff in error could hardly have been serious in insisting that proof that the road authorized by the charter to be built " was a wild and visionary enterprise," and that meetings of tax-payers denouncing the

issuing of the bonds was competent in the case as it stood for any purpose. No further remark upon the subject is necessary.

The proceedings in *Newmeyer et al.* v. *Missouri & Mississippi Railroad Co. et al.*, reported in 52 Mo. 81, offered in evidence, decided nothing finally. The bill of the complainants was demurred to by the defendants. The demurrer was overruled and the case remanded to the lower court. Whatever the result, it could not affect the rights of a *bona fide* purchaser of the bonds and coupons without notice.

The objection claimed to arise from the Constitution of 1865 is without foundation. That instrument took effect on the 4th of July, 1865, and the act of incorporation on the 20th of February of that year. The Constitution looked entirely to the future. Its language is: " The General Assembly shall not authorize," &c., . . . " unless two-thirds of the qualified voters of such county, city, or town, at a regular or special election to be held therein, shall assent thereto." Const. Mo., sect. 14, art. 11.

The act was in the past. The Constitution, therefore, had no effect upon it. This point has been so decided by the Supreme Court of Missouri and by this court, following the adjudication of that tribunal. *State of Missouri* v. *Macon County Court*, 41 Mo. 453; *State ex rel.* v. *Greene County et al.*, 54 id. 540; *County of Henry* v. *Nicolay*, 95 U. S. 619.

The thirteenth section of the charter authorized the county court to subscribe and issue the bonds. No limit is prescribed either as to the time or amount of the subscription.

The court instructed the jury to find for the plaintiff.

It appears that the evidence is all in the record. The plaintiff had shown a clear right to recover. The defendant had shown no defence. There was no question for the jury to pass upon.

Under these circumstances, it is always competent for the court to instruct accordingly, and it is not error to do so. *Merchants' Bank* v. *State Bank*, 10 Wall. 604; *Railroad Company* v. *Jones*, 95 U. S. 439.

This court has repeatedly held that where a corporation has

power under any circumstances to issue such securities, the *bona fide* taker has a right to presume they were issued under circumstances which gave the requisite authority, and that they are no more liable to be impeached for any infirmity, in the hands of the holder, than any other commercial paper. *Supervisors* v. *Schenck*, 5 Wall. 772.

The function of making the subscription and issuing the bonds was confided to the county court. They had jurisdiction over the entire subject. They were clothed with the power and duty to hear and determine. The power was exercised and the duty performed. In this case, as it is before us, the result is conclusive, and the county is estopped to deny that such is its effect. *Lynde* v. *The County*, 16 Wall. 6.

Where a loss is to be suffered through the misconduct of an agent, it should be borne by those who put it in his power to do the wrong, rather than by a stranger. *Hern* v. *Nichols*, 1 Salk. 289; *Merchants' Bank* v. *State Bank, supra*.

In *Steamboat Company* v. *McCutchen & Collins* (13 Pa. St. 13), the company, which was a corporation, had occupied for a term agreed upon, as an office, premises belonging to the other parties. When sued for the rent, the corporation set up as a defence that the contract was *ultra vires*, and claimed exemption from liability upon that ground. Coulter, J., in the opinion of the court affirming the liability, said: "Some things lie too deep in the common sense and common honesty of mankind to require either argument or authority to support them, and this, I think, is one of them."

*Judgment affirmed.*