NATIONAL BANK OF COMMERCE IN ST. LOUIS v. SANCHO PACKING CO. et al.

(Circuit Court of Appeals, Fifth Circuit.  April 11, 1911.)

No. 2,107.

1. CORPORATIONS (§ 414*)—NOTES—EXECUTION—SIGNING.

Where a corporation's by-laws provided that notes signed by the treasurer, or, in his absence, by the president or vice president, should be binding on the company, and also provided that the office of secretary and treasurer should be held by the same person, notes signed in the name of the "secretary" by the person holding the office of treasurer and secretary were not objectionable because he signed the word "secretary" instead of the word "treasurer" following his name.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1640–1646; Dec. Dig. § 414.*]

2. BILLS AND NOTES (§ 371*)—CORPORATIONS—ACCOMMODATION NOTES—DEFENSES—BONA FIDE PURCHASER.

That notes executed by a corporation were made for the accommodation of indorsers who were also financially interested in the company was no defense to a suit thereon against the corporation by a bona fide purchaser for value before maturity.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 964; Dec. Dig. § 371.*]

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Action by the National Bank of Commerce in St. Louis against the Sancho Packing Company and others.  From so much of the judgment as released the packing company and defendant T. L. Macon, Jr., from liability on the notes in question, plaintiff brings error.  Reversed.

Edwin T. Merrick, Walter S. Lewis, Ph. Gensler, Jr., and Ralph J. Schwarz, for plaintiff in error.

Legier & Gleason, for defendant in error Sancho Packing Co.

Zengel, Thomas, Suthon & Loomis, for defendant in error T. L. Macon, Jr.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge.  This is an action by the National Bank of Commerce in St. Louis against the maker and indorsers of two promissory notes.  One of the notes, with indorsements, is as follows:

"$6,000.00                          New Orleans, La., Feb'ry 5th, 1907.

"Twelve months after date we promise to pay to the order of ourselves six thousand 00/000 dollars, for value received, with interest at the rate of six per cent. per annum from date until paid.       Sancho Packing Company,

                                        "Jno. A. Wogan, Secty.

"[Indorsed on back:]  Sancho Packing Co.,

                "Jno. A. Wogan, Secty.
            "Jules M. Wogan.
            "Jno. A. Wogan.
            "Z. W. Tinker.
            "T. L. Macon, Jr.

"Pay Com'el N. Bk., N. O., or order for collection.  The Nat'l Bank of Commerce, in St. Louis.  J. A. Lewis, Cashier."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
186 F.—17

The other note bears the same date, and is in the same form and indorsed in the same way. It only differs from the one copied by being payable "eighteen months after date," and being for a larger sum, $7,300.

The defense interposed by the maker of the notes was, in effect, that the notes were accommodation paper; that the maker received no consideration; and that it had no authority to issue accommodation paper.

The defense pleaded by the indorser T. L. Macon, Jr., was that the plaintiff had failed to have the notes duly protested and to give him notice of their dishonor.

There is but little, if any, conflict in the evidence on the question to be decided.

The plaintiff became the owner of the notes, paying value for them, before maturity, in the regular course of business. When each note became due, it was presented for payment. The larger note was duly protested and notice given to all parties. The evidence tended to show that no notice was given to the indorser, Macon, of the maker's failure to pay the smaller note. Evidence was offered by the defendants, and received against the objections of the plaintiff, tending to show that the notes were made and issued by the maker, the Sancho Packing Company, for the accommodation of the indorsers, and that the notes were used by John A. Wogan and Jules M. Wogan, two of the indorsers, in the purchase of some of the capital stock of the corporation from the other two indorsers, Z. W. Tinker and T. L. Macon, Jr., and that the maker of the notes, the Sancho Packing Company, received no consideration for the notes. There was no evidence tending to show that the plaintiff, at the time it paid value for the notes, before their maturity, had any notice of these facts. On the contrary, it was shown affirmatively that the plaintiff paid value for the notes, before their maturity, without notice of any infirmity in the notes. The charter of the Sancho Packing Company, the maker of the notes, conferred on the corporation the right to engage in the business of packing and canning fruits and vegetables, and the right to manufacture boxes, etc., and the right to buy, sell, and deal in property, and "to do any and all things necessary to or connected with the conduct of said business." The by-laws of the company provided for the election of "a secretary and a treasurer," and that these two offices should be "combined in one and the same person." Section 6 of the by-laws is as follows:

"Checks, notes, drafts, acceptances, or other papers requisite for the ordinary and usual course of business shall be signed by the treasurer or in his absence by the president or vice president. The signature of either one on such paper shall be binding on this company."

The John A. Wogan who signed the notes in the name of the corporation, by himself as "secretary," was, in fact, the treasurer and secretary of the company.

The court directed a verdict in favor of the maker of the notes, the Sancho Packing Company, and in favor of the indorser T. L. Macon, Jr., on the note for $6,000; otherwise, there was a direction

to find for the plaintiff. Verdict was rendered accordingly, and judgment entered. From this judgment releasing the maker, the Sancho Packing Company, from all liability on the notes, and releasing the indorser Macon as to one of the notes, the plaintiff brings error.

The material question to be considered is: Did the court rule correctly in directing the verdict in favor of the maker of the notes?

[1] As before stated, the plaintiff was the holder and owner of the notes, having received them in regular course of business, before maturity, and without notice of the circumstances under which they were issued. The notes were made by a corporation chartered to do business and which had authority to issue its notes in connection with its business. The notes were in due form, payable to the maker and by the maker indorsed. The by-laws of the corporation authorized the treasurer, or in his absence the president or vice president, to sign checks, notes, drafts, or acceptances for the company. These notes were, in fact, signed by the treasurer, who was also, pursuant to a by-law of the company, the secretary. After signing the name of the corporation to the notes, the treasurer added his own name, "John A. Wogan"; but, instead of describing himself as "treasurer," he added the word "secretary." It is the use of the word "secretary" instead of the word "treasurer" that is pointed out as an irregularity affecting the validity of the notes. This objection, we think, is without substance. The notes were, in fact, signed by the treasurer. The secretary and the treasurer were one and the same person. Conceding that it was incumbent on the plaintiff before purchasing the notes to make inquiry as to the offices in the company held by John A. Wogan, such an investigation, had it been made, would only have disclosed the fact that Wogan was the treasurer, and that the secretary and the treasurer, under the by-laws, were the same person. The failure to describe himself also as "treasurer" was immaterial.

[2] The substance of the real defense urged by the maker is that the notes were issued for the accommodation of the indorsers, two of whom were officers of the company, who used the notes to raise money to make a purchase of stock from the other indorsers. Of course, the company's name and credit ought not to have been used for this purpose. The officers who were so using the company's name doubtless expected to pay the notes and intended that the company would never be called on to pay them. If all these facts had been known to the plaintiff when it received the notes, they would be fatal to its right of recovery. But the plaintiff had no knowledge or notice of these facts—it was an innocent bona fide holder, without notice of such facts. Fixed principles govern the liability of parties to a promissory note or bill of exchange which are essential to the credit of such paper, and one of the most important is that, whatever may have occurred between other parties to such instrument, if not fraudulent in its inception, the holder and owner of the same, if he acquired it for value, before maturity, in the usual course of business, cannot be affected by such transactions unless it be first proved that

he had knowledge of such transactions at the time he received the note. Such defense as is here urged amounts to nothing unless it be shown that the plaintiff had notice. Goodman v. Simonds, 20 How. 343, 15 L. Ed. 934; Brown v. Spofford, 95 U. S. 474, 481, 24 L. Ed. 508; 1 Daniel on Neg. Inst. (5th Ed.) § 386. A different rule would greatly weaken the credit given negotiable paper and permit the insolvent officers or agents of a solvent company or corporation to use its name for their own accommodation and to obtain money from those ignorant of the wrong, and the lenders would be without remedy against the solvent accommodation maker.

The fact that an officer or agent of a corporation has exceeded his authority in giving accommodation notes, in the name of the corporation, is no defense to a suit on the notes by the holder who took them in good faith, for value, before maturity. Bird v. Daggett, 97 Mass. 494; Farmers' National Bank v. Sutton Mfg. Co., 52 Fed. 191, 3 C. C. A. 1, 17 L. R. A. 595, 599. If a corporation, under any circumstances, has the power to issue notes and bills, the bona fide taker has the right to presume that they were issued under circumstances which gave the requisite authority. County of Macon v. Shores, 97 U. S. 272, 278, 24 L. Ed. 889.

We are of opinion that the Circuit Court erred in directing a verdict in favor of the maker of the notes, the Sancho Packing Company.

The court below directed a verdict in favor of the indorser T. L. Macon, Jr., on the $6,000 note. The only reason, it is said in the briefs, for giving such direction, was that notice of the dishonor of the note was not given to Macon. It is contended that the instruction was erroneous because notice of the dishonor of the instrument is not required to be given to the indorser where the instrument was made or accepted for his accommodation. The testimony on the next trial may not be the same as on this on the question of notice to the indorser and on the question whether or not the notes were made for Macon's accommodation. We deem it, therefore, unnecessary to consider and decide assignments of error based on the instructions as to Macon's liability as indorser. When the facts are ascertained, the law applicable is well settled.

For the error in directing the verdict in favor of the Sancho Packing Company, the judgment is reversed, and the cause remanded for a new trial.