383 P.2d 397

**Ones F. BAUR, d/b/a Ogden Trailer Sales, Plaintiff and Appellant,**

**v.**

**PACIFIC FINANCE CORPORATION, a corporation, and Marathon Insurance Company, a corporation, Defendants and Respondents.**

No. 9742.

Supreme Court of Utah.

July 2, 1963.

senting his evidence, is a harsh measure which courts should grant only when it clearly appears that taking the view most favorable to the complaint and any facts which might properly be proved thereunder, no right to redress could be established; and unless it so clearly appears, doubt should be resolved in favor of allowing him the opportunity to present his proof.[1]

The facts as the plaintiff contends them to be and in the light most favorable to his position are these:

Over a period of about five years there had been a course of dealing between plaintiff, selling trailers, and Pacific Finance, financing his contracts. The plaintiff would sell a trailer under a conditional sales contract which retained title in the seller and would assign the contract to Pacific Finance with recourse, that is, that plaintiff would guarantee payment of the contract. In the usual case, where the purchaser made the payments as specified, the plaintiff would hear nothing more about the matter. But if the purchaser defaulted, Pacific Finance would notify the plaintiff and require it to make good the contract under its recourse agreement.

The sales contract prohibited the purchaser from selling his interest, except upon written consent of the seller. It was the custom to adhere to this provision and

Robert S. Spooner, Ogden, for appellant.

Callister & Kesler, Salt Lake City, for respondent.

CROCKETT, Justice.

Ones F. Baur, d/b/a Ogden Trailer Sales, seeks to recover under a policy issued by Marathon Insurance Company and also against Pacific Finance Corporation for damages which resulted to a trailer he had sold and which had to be repossessed.

From an order dismissing his complaint as to both defendants, plaintiff appeals.

As we have heretofore declared, the granting of a motion to dismiss, which deprives the party of the privilege of pre-

1. Samms v. Eccles, 11 Utah 2d 289, 358 P.2d 344.

whenever the trailer was resold to a different buyer before it was paid for, Baur's consent in writing was obtained.

On 4 September, 1958, Baur sold to Carl H. Phillips a 45-foot Leisure Home Trailer on this basis:

| | | | |
|---|---|---|---|
| Cash Selling Price | $5,870.80 | | |
| Accessories | 239.50 | | |
| Utah Sales Tax | 124.70 | | |
| | $6,235.00 | | |
| Registration Fee | 3.50 | $6,238.50 | |
| Down Payment | | | |
| Cash | $ 672.00 | | |
| Trailer Trade-In | 1,000.00 | $1,672.00 | $4,566.50 |
| Insurance Premiums | | $ 240.00 | |
| Vendor's single interest for 60 months | | 47.50 | 287.50 |
| Unpaid Balance | | | $4,854.00 |
| Time Price Differential | | | 1,771.80 |
| Total Balance | | | $6,625.80 |

Some months later the original purchaser, Phillips, with the knowledge and consent of Pacific Finance, but without the knowledge or consent of the plaintiff, resold the trailer; first, to an unknown third party; and later again resold to one Charles Gorda. After payments had become delinquent about six months, Gorda either abandoned the trailer, or it was stolen from him, and it was found at Grand Canyon, Arizona. Pacific Finance had it picked up and taken to Flagstaff, Arizona, where it was left unlocked and unprotected for about 30 days. It was in a badly damaged condition due to a collision, vandalism and neglect, the details and the amount of which we are not now concerned. Plaintiff asserts that Pacific Finance had current knowledge of all of the foregoing facts, but that it was not until all of the above had transpired that he was notified that the trailer was abandoned at Grand Canyon, and that he must take it over, stand the damages and pay Pacific Finance the full remaining balance on the contract.

The plaintiff's claim against the defendant Marathon Insurance Company is based upon a policy called a Mobile Home policy issued by it, paid for by the item $47.50 shown in bold type in the account set out above. It is plaintiff's position that Pacific Finance required this amount to be added to the contract for insurance to pro-

tect plaintiff's interest as the vendor. The policy in evidence shows advance payment of that sum of five annual premiums for coverage E. Under this coverage in the policy the caption states: ONLY VENDORS SINGLE INTEREST COLLISION, CONVERSION, EMBEZZLEMENT OR SECRETION COVERAGE, and thereunder provides that it is to cover only the interest of the vendor, or his assignee. It is true that under "loss payee" is typed Pacific Finance Corporation; but it is also true that the policy lists Ogden Trailer Sales (plaintiff Baur) as the "source"; that is, the vendor. Opposite the term "agent," is typed P.F.S., which can only refer to Pacific Finance Company, as the agent of Marathon Insurance Company. The plaintiff contends, not unreasonably it seems to us, that the two insurance premiums, $240.00 which was to protect the purchaser's interest, and the $47.50 to protect the vendor's interest, were intended to provide full coverage to the trailer; and that the latter coverage of the "vendor's single interest" was intended to protect plaintiff Baur's interest because he was such "vendor." The fact that he had guaranteed Pacific Finance against loss would not change the insurance company's obligation to him.

■ The basis upon which the plaintiff asserts a right of action against Pacific Finance is this: that the latter company participated in a breach of the sales contract by allowing the purchaser Phillips to sell the trailer first to an unknown party, and then to Gorda, not only without plaintiff's consent as the contract required, but without any notice to the plaintiff; that the purpose of the requirement of consent is so that plaintiff could safeguard against a sale to an improvident or irresponsible individual and thus avoid the type of damage which resulted here, and that from such breach these damages might reasonably have been anticipated and thus Pacific Finance should be held responsible.[2] Further, that by letting the payments become delinquent and the location of the trailer be lost track of without letting the plaintiff know, he was prevented from taking any measures to safeguard against damage and deterioration; and that if it be determined for any reason that Marathon Insurance did not cover the plaintiff's interest in the trailer, then Pacific Finance, both as primary contracting party with the plaintiff, and as agent for Marathon, should be held responsible for failure to arrange for such insurance coverage, because it represented to the plaintiff that such coverage would be obtained and exacted the payment of the premium for it.

We are unable to agree that it clearly appears that the plaintiff could not in any

2. Miller v. Givan, 7 Utah 2d 380, 325 P.2d 908.

event establish a basis for recovery. The orders granting the motions to dismiss are reversed and the case remanded for trial. Costs to plaintiff (appellant).

HENRIOD, C. J., McDONOUGH, and WADE, JJ., and ALDON J. ANDERSON, District Judge, concur.

CALLISTER, J., having disqualified himself, did not participate herein.