No. 21841.

JAKE SCHLEINING *v*. ESTATE OF MORRIS R. SUNDAY.
(431 P.2d 464)

Decided September 5, 1967.

ARMAND L. FORBES, for plaintiff in error.

GORDON, LEFFERDINK and LEGG, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

SCHLEINING, plaintiff in error (claimant), here challenges the trial court's power and discretion in dismissing, on its own motion, an appeal from the disallowance by the county court of his claim against the Estate of Sunday, defendant in error.

Claimant in proper time filed his claim in the probate proceedings. After a hearing the county court, on December 18, 1962, disallowed the claim. Claimant, on January 11, 1963, filed his appeal in the district court. The brief history of the appeal in the district court discloses that on May 7, 1963, and November 5, 1963, the case was "passed on term day."

On May 5, 1964, "AT THE CALL OF THE DOCKET,

the Court ordered the above entitled matter retired with leave to reinstate upon good cause shown." On May 19, 1965, the claimant filed a motion to reinstate for the following reasons:

"That the plaintiff and his attorney were not given notice of Term Day at which the matter of continuance of this case was determined.

"That other notices to plaintiff or his attorney were omitted."

On the day the motion was filed the court set it for hearing on May 25, 1965. At the hearing it developed that the claimant had been represented by Armand L. Forbes; that the original pleadings in the case had been signed by Mitchell and Forbes, a partnership, and it was the attorney of record; that the partnership was dissolved in July 1963, but no formal notice of the dissolution of the partnership was given to the court, nor was Forbes substituted as attorney of record for the claimant instead of Mitchell and Forbes. As a result, the customary notices of term time and copies of the court's calendar were sent to the partnership and received by Mr. Mitchell. Forbes, following the dissolution of the partnership, moved to a different county and judicial district. Forbes testified that he received no communication from the court until he was advised that the case had been "retired," although he had received similar information from Mitchell as to cases pending in counties other than Prowers. At the conclusion of the hearing the court noted that the case had been on the docket as of May 5, 1964, approximately seventeen months with no action taken by any party, and thereupon the court denied the motion and dismissed the action.

It is clear from the record that the court did not give or attempt to give Forbes actual notice of the contemplated dismissal. This gives rise to the question as to whether, under the circumstances here, the Colorado Rules of Civil Procedure, the rules of the District Court

of the Fifteenth Judicial District, or the inherent power of the court justified the action of the trial court.

Rule 41(b)(2), R.C.P. Colo., provides:

"Actions not prosecuted or brought to trial with due diligence may, *on notice,* be dismissed with prejudice by the court *pursuant to rules adopted by it.*" (Emphasis added.)

Rule 27 of the rules of the District Court of the Fifteenth Judicial District provides:

"Sec. 1. The Clerk shall, before the opening of each regular or adjourned term, enter on the Judge's Docket the date and nature of the last order of each case pending. And on call of the docket (or in term time) if it shall appear that no order of progress has been made and entered of record in any case for a period of one full year, *an order may be entered therein that the Clerk give notice to the attorneys of record,* if they are known, otherwise to the litigants, *to appear and show cause why an entry of dismissal should not be made, which notice may be served by mailing, postage prepaid, to the last known postoffice address of the party to be served. At any time within thirty days of the mailing of such notice any attorney or litigant may appear and show cause in writing why such case should not be dismissed.* Should no response be made to any such notice within thirty days from the time of mailing the same, the Clerk will so report to the Judge, and thereupon the case may be dismissed for failure to prosecute.

"Sec. 2. Cases may also be dismissed under this rule, in the discretion of the Court, for want of progress for a period of one year, or less, upon written motion of any party thereto, *notice of hearing upon such motion to be given and served as in the case of other motions.*" (Emphasis added.)

This court has repeatedly held that a trial court has the inherent power to dismiss a claim for failure to prosecute. *Mizar v. Jones,* 157 Colo. 535, 403 P.2d 767;

*Rudd v. Rogerson,* 152 Colo. 370, 381 P.2d 995; *Yampa Valley Coal Co. v. Velotta,* 83 Colo. 235, 263 P. 717.

■■ Lawyers are bound to take notice of the rules of the courts in which they practice. *Wallace v. Heitler,* 52 Colo. 620, 123 P. 954. Judges, in expediting the business of their courts, likewise should follow their own rules.

■■ Rule 41(b) (2), R.C.P. Colo., contemplates that *notice* precede an order of dismissal. The rules which the district court adopted pursuant to 41(b) (2) also contemplate *notice,* under these circumstances:

"\* \* \* And on the call of the docket \* \* \* if it shall appear that no order of progress has been made and entered of record in any case for a period of one full year, *an order may be entered therein that the Clerk give notice to the attorneys of record \* \* \* to appear and show cause why an entry of dismissal should not be made, which notice may be served by mailing, postage prepaid, to the last known postoffice address of the party to be served \* \* \*.*" (Emphasis added.)

The appeal was docketed in the district court on January 11, 1963. May 5, 1964, was the first call of the docket after the expiration of "one full year" from the docketing of the appeal, but, instead of entering an order "that the Clerk give notice \* \* \* to appear and show cause why an entry of dismissal should not be made," the court "retired" the claim "with leave to reinstate upon good cause shown."

■■ The purpose of the rules of the district court and, for that matter, of the Colorado Rules of Civil Procedure, is to expedite litigation. A dismissal with prejudice for want of prosecution is a drastic measure. It should not be employed without thoughtful consideration of the right of the claimant to have his claim considered on its merits. The trial court had other rules at its disposal which could have advanced the matter toward its ultimate solution in a much more equitable manner.

Rule 14 of the rules of the district court is apropos

of a less drastic procedure. Section 1 of this rule provides that "all cases at issue will be set for trial."

Section 2 provides that:

"In setting cases for trial, precedence will be given, first to criminal cases, and next to civil jury cases; then to trials to the Court. But all settings shall be subject to the discretion of the Court to the end of expediting the trial business and of adjusting the docket to meet, as far as reasonable, the necessities of the parties and their attorneys."

Section 3 states the time when the court shall convene. Section 4 provides that:

"At the opening day of each term in each county, all attorneys or parties having causes pending in which settings for * * * trial are proper to be made, are expected to be present or represented in court, without notice other than this rule, and this Rule shall be considered as such notice to all such attorneys and parties."

The court's own rules gave the court authority to set a case for trial, *without notice* other than that explicit in the rule itself, whereas Rule 27, governing dismissals, required *actual notice* to show cause why the case should not be dismissed *before* the court could entertain the show cause order.

The trial court should have adhered to its own published rules. The departure here constituted an abuse of its discretion.

The trial court's order of dismissal is reversed and the cause remanded for further proceedings consistent with the views herein expressed.