Frank M. WELLS, Assignee for Creditors of Financial Service Company, Inc., Plaintiffs,

v.

WALKER BANK & TRUST COMPANY INC., and First Security Bank of Utah, Defendants.

WALKER BANK & TRUST COMPANY, Third-Party Plaintiff and Appellant,

v.

Golden STETTLER et al., Third-Party Defendants and Respondents.

No. 15750.

Supreme Court of Utah.

Feb. 5, 1979.

N. George Daines, III, Daines & Daines, Logan, for plaintiffs.

Calvin L. Rampton, D. Miles Holman, of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for third-party plaintiff, appellant.

Dan B. Allen, Ray, Quinney & Nebeker, Salt Lake City, for defendants.

W. Scott Barrett, of Barrett & Mathews, Logan, for third-party defendants, respondents.

CROCKETT, Chief Justice:

Plaintiff Frank M. Wells, an assignee for the benefit of creditors of Cache Valley Syndicate Trust (CVST), brought an action against defendants Walker Bank & Trust Co. and First Security Bank of Utah, alleging that those banks had negligently honored "altered" checks drawn on the trust account, and seeking damages of about $96,000. The defendant Walker Bank answered, denying any liability. It also filed a third-party complaint against the trustees of CVST, asserting that if Walker Bank were found to be liable, it should be indemnified by the trustees whose employee, one Elmer G. Erickson, allegedly made the alterations to the checks.

The trustees moved to dismiss the complaint for failure to state a claim upon which relief could be granted. From an

order granting that motion, Walker Bank appeals.

In 1971, Financial Services Company, Inc., an insolvent corporation, transferred its assets to the Cache Valley Syndicate Trust as means of satisfying creditors' claims against that corporation. Golden Stettler, Lynn Toolson, Alma Dittmer, H. M. Nielson and Elmer Gibson are the trustees of CVST. Mr. Erickson was employed by them to assist in the management of the trust.

Plaintiff Frank M. Wells alleges that Mr. Erickson altered checks drawn on the trust account by inserting either the clause "Investors Mortgage Corporate Trust" or "Elmer G. Erickson, Trustee" after the phrase "to the order of" and then adding the word "for" in front of the name of the intended payee and bracketing that clause, so that the check would appear: Pay $——— to the order of Investors Mortgage Corporate Trust (for payee). Mr. Erickson then presented the checks to the defendant banks where they were credited for deposit to the accounts just referred to, which were his own.

Plaintiff's complaint further alleges that the checks were "wrongfully and unlawfully" altered; that the alterations were done in such a haphazard and faulty manner as to be plainly apparent on the face of the checks, and that therefore the defendants banks had been negligent in dealing with the accounts and negotiable paper of CVST.

In its third-party complaint, Walker Bank alleged that, when Mr. Erickson presented the checks, he warranted "that he had good title to the checks, or was authorized to obtain payment of acceptance on behalf of one who had a good title, and that all signatures were genuine and authorized." Walker Bank also alleged that Mr. Erickson's misappropriation of the trust funds

occurred "in the course of his work as an agent or servant of the third-party defendants [i. e., the trustees] . . . ." Finally, incorporating by reference the answer which it had already filed, Walker Bank alleged that all "signatures or alterations to the checks sued upon in the complaint herein were made with appropriate express or implied authority" of the trustees.

Walker Bank asserts that the case should not have been dismissed because relief could have been granted upon either: (1) a finding that Mr. Erickson was acting as the trustees' agent when he altered and deposited the checks, or (2) a finding that the trustees knew or should have known of his actions, yet retained him in their employ, and failed to adequately supervise his management of the trust funds.

■■■ In addressing those arguments, we make the following observations. When a motion to dismiss is made, the trial court should adhere to a policy of being reluctant to turn a party out of court without a trial.[1] A dismissal which does so is a severe measure and such a motion should be granted only when it clearly appears that the party would not be entitled to relief under any state of facts provable in support of its claim.[2] In ruling on such a motion, the court should accept as true all material allegations and such reasonable inferences as to proof that properly could be adduced thereunder.[3] Moreover, consistent with the policy of allowing parties access to the courts to settle controversies, where there is doubt about the foregoing, it should be resolved in favor of allowing the party the opportunity of presenting its proof.[4]

■■■ Walker Bank urges that the doctrine of respondeat superior is applicable. As is true in other areas of the law, the general rule regarding the liability of a master for

1. *King Bros. Inc. v. Utah Dry Kiln Co.*, 13 Utah 2d 339, 374 P.2d 254 (1962); *Barrus v. Wilkinson*, 16 Utah 2d 204, 398 P.2d 207 (1965).

2. *Liquor Control Commission v. Athas*, 121 Utah 457, 243 P.2d 441 (1952); *Mely v. Morris*, Alaska, 409 P.2d 979 (1966); *Schleining v. Estate of Sunday*, 163 Colo. 424, 431 P.2d 464 (1967); *Braxton v. Luff*, Colo.App., 558 P.2d 444 (1976).

3. *Lakin Cattle Co. v. Engelthaler*, 101 Ariz. 282, 419 P.2d 66 (1966).

4. *Baur v. Pacific Finance Corp.*, 14 Utah 2d 283, 383 P.2d 397 (1963).

such acts of his servant, is that an alteration of a negotiable instrument (or other document) by an agent is, in effect, the act of his principal if such alteration is made within the scope of the express or implied authority of the agent.[5] It is of course to be recognized that if the employee is not so authorized and is acting for his own interests, and not in furtherance of the employer's business, the latter would not be bound by his act.[6]

If we consider the allegations of Walker Bank that Mr. Erickson's misdoings with respect to the checks were done as an agent of the trustees, in the light of what has just been said it seems so plain as to not admit of doubt that those allegations provide a sufficient basis for recovery if they are supported by proof.

What has been said above applies in principle to the other counts of Walker Bank's third-party complaint wherein it charged that the trustees were negligent in the hiring and retaining of Mr. Erickson and in their failure to properly supervise and control his activities. It also expressly alleged that the trustees "knew or should have known that Elmer G. Erickson was mishandling the affairs of Cache Valley Syndicate Trust." If those allegations be taken as true, as they should be on the motion to dismiss, that would also provide a basis for granting relief.

For the foregoing reasons, the decision of the trial court dismissing the case is vacated and the case is remanded for further proceedings. Costs to defendant Walker Bank.

MAUGHAN, WILKINS and HALL, JJ., concur.

STEWART, J., having disqualified himself does not participate herein.

5.  4 Am.Jur.2d, Alteration of Instruments, section 15; 3 Am.Jur.2d, Agency, section 266; *Fruit v. Schreiner,* Alaska, 502 P.2d 133 (1972).

6.  *Williams v. Community Drive-In Theater, Inc.,* 214 Kan. 359, 520 P.2d 1296 (1964).