Richard S. BURNETT, Plaintiff
and Appellant,

v.

UTAH POWER & LIGHT CO., a Utah
corporation, Defendant and Appellee.

No. 880369.

Supreme Court of Utah.

Sept. 4, 1990.

Elliott Levine, West Valley City, for
plaintiff and appellant.

Sam F. Chamberlain, Robert Gordon,
Paul H. Proctor, Salt Lake City, for defendant and appellee.

HALL, Chief Justice:

This case is on appeal from an order of dismissal in the Third Judicial District Court, Salt Lake County.

Plaintiff Richard S. Burnett was employed by defendant Utah Power & Light Company (UP & L) from approximately 1976 to July 26, 1985. During the period of his employment, Burnett claimed to have uncovered a number of improprieties, including bribes, kickbacks, bid-fixing and gross mismanagement. He claims that he "blew the whistle" on many of the incidences of misconduct that led to criminal charges against several UP & L employees. He alleges that because of his whistle-blowing actions, he was the subject of a scheme of retaliation, harassment, and revenge conducted by UP & L employees.

On July 9, 1985, Burnett filed a federal court action in the District of Utah against his union, IBEW Local No. 57, UP & L and others. He cited several causes of action, including breach of the parties' collective bargaining agreement, malicious interference with contractual rights, harassment, mental and emotional distress, threats and intimidation, and conspiratorial interference with rights guaranteed under 29 U.S.C. §§ 401–531 (1988). On May 13, 1987, the federal court granted UP & L's motion for summary judgment.

In addition to the federal court action, Burnett used his membership in the electrical workers' union, IBEW Local No. 57, to initiate arbitration proceedings under the provisions of the collective bargaining agreement. On November 26, 1986, the arbitration panel issued an opinion and award holding that Burnett's discharge on July 26, 1985, was for proper cause.

On July 26, 1988, Burnett filed the present case in the third district court. Burnett's complaint asserted RICE violations under Utah Code Ann. § 76–10–1601 to –1609 (Supp.1988), known as the "Pattern of Unlawful Activity Act." Burnett alleged that UP & L and its employees

comprised an enterprise and engaged in a pattern of unlawful activities against him from June 16, 1978, through December 1987.

UP & L moved to dismiss based upon the action's being barred by the terms of the arbitration clause of the union's collective bargaining agreement and upon res judicata because of the prior federal court dismissal of the same case. The motion was argued on August 18, 1988, and the trial court granted UP & L's motion to dismiss. The issue on appeal is whether the trial court properly granted UP & L's motion to dismiss.

The record before us contains neither a copy of the order of dismissal nor a transcript of the hearing on the motion to dismiss, thus making it impossible for this court to ascertain the specific reason for the dismissal in the trial court. UP & L presented two theories in its motion to dismiss: (1) the complaint is barred by an arbitration and award; and (2) the complaint is barred by the doctrine of res judicata. We therefore assume that the motion to dismiss was granted on one or both of these two theories.

A trial court may order an involuntary dismissal on at least four grounds: (1) failure of the plaintiff to prosecute; (2) failure of the plaintiff to comply with the Utah Rules of Civil Procedure; (3) failure of the plaintiff to comply with any order of the court; and (4) failure of the plaintiff to show that upon the facts and the law the plaintiff has a right to relief.[1] This court considers a motion to dismiss to be a severe measure, and

[it] is only appropriate where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of its claim. In reviewing an order granting a motion to dismiss, we are obliged to construe the complaint in the light most favorable to the plaintiff and to indulge all reasonable inferences in its favor.[2]

■ Because one of the theories offered by UP & L in its motion to dismiss involves res judicata, we look first at the earlier federal court ruling. The federal court granted UP & L's motion for summary judgment because the terms of the collective bargaining agreement between UP & L and Burnett's union stated: "All disputes or differences between the Company, the Union and the employees of the Company shall be adjusted as follows ...," and "[t]he decision of the majority of the members of the board shall be final and binding upon the Company, the Union, and the employees of the Company." The ruling of the federal court is wholly consistent with federal law which states that courts are not to interfere with awards in final and binding labor arbitration.[3]

The federal court recognized that the only exception to the finality of the arbitration award occurs when an employee can show that the grievance committee misapplied the contract and that the union failed to fairly represent the employee's interests.[4] Because Burnett was not able to shoulder the burden of proof that the union did not fairly represent him in the arbitra-

---

1. Utah R.Civ.P. 41(b); *Avila v. Winn*, 794 P.2d 20, 22 (Utah 1990).

2. *Arrow Indus. v. Zions First Nat'l Bank*, 767 P.2d 935, 936 (Utah 1988) (citations omitted); *see also Colman v. Utah State Land Bd.*, 795 P.2d 622, 624–25 (Utah 1990); *Freegard v. First W. Nat'l Bank*, 738 P.2d 614, 616 (Utah 1987); *Penrod v. NuCreation Creme, Inc.*, 669 P.2d 873, 875 (Utah 1983); *Ellis v. Social Servs. Dep't of the Church of Jesus Christ of Latter-day Saints*, 615 P.2d 1250, 1252 n. 1 (Utah 1980); *Baur v. Pacific Fin. Corp.*, 14 Utah 2d 283, 284, 383 P.2d 397, 397 (Utah 1963); *Liquor Control Comm'n v. Athas*, 121 Utah 457, 460, 243 P.2d 441, 443 (1952).

3. *See, e.g., United Steel Workers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steel Workers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steel Workers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

4. *Burnett v. Utah Power and Light*, No. C85–815G, Memorandum Decision and Order, at 5–6 (D. Utah May 13, 1987) (citing *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 571, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976)).

tion,[5] the federal court ruled that Burnett's causes of action arose out of the employee-employer relationship and thus were governed by the Labor–Management Relations Act.[6] and the collective bargaining agreement. The court concluded that arbitration was the proper forum for all of Burnett's complaints and that the decision of the arbitration tribunal was final and binding. Therefore, the federal court did not reach the merits of Burnett's other claims.

█ Burnett's complaint in this action stated essentially the same causes of action that were raised in the federal court, but in the present case he labeled them as "RICE" violations under Utah Code Ann. §§ 76–10–1601 to –1609 (Supp.1988). We note that even when considering the facts and inferences drawn therefrom in a light most favorable to Burnett, his claims stem from the terms and conditions of his employment and his subsequent termination by UP & L and are governed by federal labor laws and the collective bargaining agreement. These issues were fully litigated by the same parties, and a decision on the merits of the issue was rendered in the federal court. Under the doctrine of res judicata, it was proper for the trial court to dismiss the case rather than relitigate the issues.[7]

Application of the doctrine of res judicata is not dependent upon the label placed upon a cause of action. As was observed in *Davis v. United States Steel Supply:* [8] "Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." [9]

Looking beyond the label placed upon the cause of action and looking instead at the acts complained of, it is clear that the proof in both cases is the same and that no material fact is alleged in the state court action that was not set forth in the federal court action. Indeed, Burnett makes no effort to draw any distinction between the two.

Burnett's claims arose directly out of the terms, conditions, and subsequent termination of his employment at UP & L; thus, the claims were governed by federal law and the collective bargaining agreement. Burnett was allowed a full opportunity to litigate the claims in federal court, and it would violate the doctrine of res judicata to allow him to relitigate those same issues in state court.

Affirmed.

HOWE, Associate C.J., and DURHAM, and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.

---

5. The issue of whether the contract was misapplied was not raised at any time by Burnett.

6. 29 U.S.C. § 159 (1973).

7. *See, e.g., Fitzgerald v. Corbett,* 793 P.2d 356, 359 (Utah 1990); *Madsen v. Borthick,* 769 P.2d 245, 247 (Utah 1988); *Penrod v. NuCreation Creme, Inc.,* 669 P.2d at 875; *Church v. Meadow*

*Springs Ranch Corp.,* 659 P.2d 1045, 1048 (Utah 1983).

8. 688 F.2d 166 (3d Cir.1982) (en banc), *cert. denied,* 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983).

9. *Id.* at 171; *see also United States v. Athlone Indus., Inc.,* 746 F.2d 977, 983 (3d Cir.1984).