Garold **HORROCKS**, Plaintiff
and Appellee,

v.

**WESTFALIA SYSTEMAT**, a division of
Centrico, Inc.; and Magic Valley Quality Milk Producers, Inc., Defendants and
Appellant.

No. 940201–CA

Court of Appeals of Utah.

March 3, 1995.

Paul D. Lyman, Richfield, for appellant.

Marcus Taylor, Richfield, for appellee.

Before BILLINGS, DAVIS and
GREENWOOD, JJ.

OPINION

BILLINGS, Judge:

Westfalia Systemat (Westfalia) appeals the trial court's findings and judgment excusing the buyer-appellee, Garold Horrocks (Horrocks), from remitting the balance due for milking equipment which Westfalia had not delivered under a contract between the parties. Westfalia contends that because Horrocks signed an acknowledgment declaring that he had received all of the equipment, Horrocks and not Westfalia should bear the responsibility for the loss of the goods after Westfalia's agent left town with the equipment instead of making delivery. We affirm.

FACTS

Garold Horrocks is a dairy farmer from Wayne County, Utah. Westfalia is an Illinois company which sells dairy equipment. Wayne Buchanan (Buchanan) was a dealer who had represented Westfalia for about ten years. In April 1991, Buchanan, acting on behalf of Westfalia, entered into a contract with Horrocks for the purchase and sale of $14,000 worth of milking equipment.

At Buchanan's direction, Horrocks gave Buchanan a check for $1,450, payable to Westfalia, as a down payment for the equipment. Westfalia received and cashed the check on April 24, 1991, and agreed to finance the balance of the purchase price secured by, among other things, a milk assignment.

Westfalia subsequently shipped a portion of the milking equipment to Buchanan for delivery to Horrocks. The remaining portion was to be provided from equipment that Buchanan had on hand from another customer who had changed his mind about making a purchase.

Buchanan explained to Horrocks that the equipment would be delivered in two to three months. Horrocks eventually received equipment valued at $4,853.80. The remaining equipment was never delivered.

On September 4, 1991, while Horrocks was milking his cows, Buchanan presented him with a "Purchaser's Acknowledgment & Delivery Acceptance Receipt" (the Acknowledgment) and asked him to sign it. The Acknowledgment stated that Horrocks had received all of the equipment ordered. Horrocks signed the Acknowledgment without reading it. At the time, both he and Buchanan knew that the balance of the equipment had not been delivered. Buchanan promised, however, that the remaining equipment would be forthcoming.

After Buchanan obtained Horrocks' signature on the Acknowledgment, he submitted the document to Westfalia. Westfalia, in turn, provided Buchanan with $14,000 either in cash or satisfied invoices. Buchanan then left the area and filed for bankruptcy, apparently making off with the undelivered equipment and cash.

On February 7, 1992, Horrocks telephoned Westfalia and complained that the balance of the equipment had not yet been delivered. This was the first knowledge Westfalia had that the Acknowledgment was false.

At the same time, Horrocks attempted to interrupt the milk assignment, which Westfalia had sent to Magic Valley on October 15, 1991. Shortly thereafter, Horrocks filed suit against Westfalia alleging breach of contract.

Westfalia counterclaimed for the entire amount owed under the contract. The trial court awarded Westfalia the sum of $4,853.80, an amount equal to the value of the equipment actually received by Horrocks, but excused Horrocks from paying for the undelivered balance of the equipment. Westfalia appeals.

## I. RESPONSIBILITY FOR THE UNAUTHORIZED ACTS OF AN AGENT

The central issue in this case is whether Westfalia should bear the responsibility for the unauthorized, adverse acts of its agent. The trial court determined that "[a]ll of the acts and conduct on the part of Buchanan were performed as an agent of defendant Westfalia Systemat," and thus concluded that Westfalia should bear the responsibility for Buchanan's unauthorized acts.

Westfalia argues that liability for the loss of the milking equipment should rest upon Horrocks. Westfalia contends that when Buchanan asked Horrocks to sign the Acknowledgment, Buchanan was acting outside the scope of his authority, as he was acting for his own self-interest, adverse to the interests of Westfalia. Moreover, Westfalia argues that because he signed the Acknowledgment knowing that it was false, Horrocks should not be protected from the dishonest acts of Westfalia's agent.

Basic agency law dictates that a principal is bound by the acts of an agent clothed with apparent authority. Restatement (Second) of Agency § 8 (1958); *see also Vickers v. North Am. Land Dev., Inc.*, 94 N.M. 65, 607 P.2d 603, 605 (1980). In *Harrison v. Auto Securities Co.*, 70 Utah 11, 257 P. 677 (1927), the Utah Supreme Court stated:

It is a general principle of the law of agency, running through all contracts made by agents with third parties, that the principals are bound by the acts of their agents which fall within the apparent scope of the authority of the agents, and that the principals will not be permitted to deny the authority of their agents against innocent

third parties, who have dealt with those agents in good faith.

*Id.* at 18, 257 P.2d at 679.

The record is replete with facts sufficient to clothe Buchanan with such apparent authority. First, Buchanan represented to Horrocks that he was acting as Westfalia's agent. Westfalia made a similar representation to Horrocks by ratifying Buchanan's actions. Westfalia allowed Buchanan to travel in a car bearing the Westfalia insignia. In addition, Westfalia supplied the documentation for the milking equipment contract, including the Acknowledgment form. Moreover, Westfalia accepted and cashed Horrocks's down payment check. Perhaps most importantly, Westfalia failed to give Horrocks notice of any limitations on Buchanan's authority.[1] Under the circumstances, it was reasonable for Horrocks to believe Buchanan's statement that if he signed the Acknowledgment, the remainder of the equipment would be forthcoming. The loss that results from Buchanan's misconduct must be borne by the party who empowered Buchanan to commit the wrong. *Vickers*, 607 P.2d at 606. "Where a loss is to be suffered through the misconduct of an agent, it should be borne by those who put it in his power to do the wrong." *County of Macon v. Shores*, 97 U.S. 272, 279, 24 L.Ed. 889, 890 (1877); *see also Vickers*, 607 P.2d at 607; *Harrison*, 257 P. at 679–80. Westfalia

placed Buchanan in the position to perpetrate a fraud. Consequently, Westfalia must bear the responsibility for Buchanan's misconduct. The trial court did not err by placing liability on Westfalia under the theory of apparent authority.

## II. FRAUD

Next, Westfalia contends that in signing the Acknowledgment, Horrocks participated in a fraud, upon which Westfalia relied to its detriment. This court stated the elements of fraud in *Republic Group, Inc. v. Won–Door Corp.*, 883 P.2d 285 (Utah App.1994).

> The required elements of actual fraud include the following: "(1) a representation; (2) concerning a presently existing fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely on it; (8) and was thereby induced to act; (9) to his injury and damage."

*Id.* at 292 (quoting *Dugan v. Jones*, 615 P.2d 1239, 1246 (Utah 1980)). Moreover, fraud must be proved by clear and convincing evidence. *Id.*

1. Westfalia cites *Powerine Co. v. Russell's, Inc.*, 103 Utah 441, 135 P.2d 906 (1943), and *Wells v. Walker Bank & Trust Co.*, 590 P.2d 1261 (Utah 1979), in support of the proposition that the knowledge and actions of an agent acting adversely to the principal's interests cannot be imputed to the principal. However, neither case is helpful to Westfalia. *Powerine* involved a third party who engaged in transactions with an agent with full knowledge that the agent was not acting in accordance with the principal's instructions. *Powerine*, 103 Utah at 452–53, 135 P.2d at 912. Knowledge of an agent's lack of authority defeats a claim for apparent authority. *See* Restatement (Second) of Agency § 166 (1958). In the instant case, Horrocks did not know that Buchanan was acting outside the scope of his authority when Buchanan asked him to sign the Acknowledgment. Thus, the *Powerine* exception does not apply.

   *Wells* is also inapposite. In *Wells*, the Utah Supreme Court established the rule that a principal will not be bound by the acts of an agent

intending to further its own self-interests and not those of the principal. *Wells*, 590 P.2d at 1264. In recognizing this rule, however, *Wells* did not intend to displace the doctrine of apparent authority, but stated that "an alteration of a negotiable instrument (or other document) by an agent is, in effect, the act of his principal if such alteration is made within the scope of the express or implied authority of the agent." *Id.* This approach is consistent with the Restatement which provides: "A person who otherwise would be liable to another for the misrepresentations of one apparently acting for him is not relieved from liability by the fact that the ... agent acts entirely for his own purposes, unless the other has notice of this." Restatement (Second) of Agency § 262 (1958). In the case at bar, Buchanan was not acting outside the scope of his apparent authority when he asked Horrocks to sign the Acknowledgment. On the contrary, Buchanan was performing a task which he would have been authorized to do had he actually delivered the equipment. *Wells*, therefore, does not control the disposition of this appeal.

 We agree with the trial court that Westfalia did not carry its burden in establishing the elements of actionable fraud. While Westfalia appears to have established the first four elements of the nine-part *Republic* test, the record is devoid of evidence indicating that Horrocks made a false representation for the *purpose of inducing* Westfalia to act. Thus, Westfalia did not establish the fifth element of the *Republic* test. *See Republic*, 883 P.2d at 292.

The sixth element, ignorance of the falsity, is likewise missing. In *Vicksburg & M.R. Co. v. O'Brien*, 119 U.S. 99, 7 S.Ct. 118, 30 L.Ed. 299 (1886), the United States Supreme Court stated, "The acts of an agent, within the scope of the authority delegated to him, are deemed the acts of the principal. Whatever he does in the lawful exercise of that authority is imputable to the principal...." *Id.* at 104, 7 S.Ct. at 121. Even when the agent is acting adversely to the principal's interest, the knowledge of the agent may still be imputed to the principal. The Restatement provides:

> The principal is affected by the knowledge of an agent who acts adversely to the principal:
>
> (a) if the failure of the agent to act upon or to reveal the information results in a violation of a contractual or relational duty of the principal to a person harmed thereby; [or]
>
> (b) if the agent enters into negotiations within the scope of his powers and the person with whom he deals reasonably believes him to be authorized to conduct the transaction....

Restatement (Second) of Agency § 282 (1958). Under either subsection, Buchanan's actions may be imputed to Westfalia. That being so, the trial court did not err in declining to find Horrocks liable for fraud. As Westfalia, through its agent Buchanan, knew or should have known of the falsity of the Acknowledgment, Westfalia was not misled.[2]

---

2. We do not address Westfalia's claim that the trial court erred in finding that Westfalia did not rely to its detriment on the Acknowledgment, as

## CONCLUSION

We conclude that the trial court did not err in finding Westfalia liable for the unauthorized acts of its agent. We also agree with the trial court that Westfalia failed to establish the elements of fraud. Accordingly, we affirm the trial court's judgment.

DAVIS and GREENWOOD, JJ., concur.

Westfalia has not demonstrated the other essential elements of fraud.